SEYMOUR L. BYINGTON v. J. B. HAMILTON, *as Treasurer of Saline County.*

1. MANDAMUS; *Waiver and Stipulation; Practice.* Where money that is due to the plaintiff is in the hands of a treasurer of a county, and the treasurer refuses to pay the same, and the plaintiff files his application for a writ of mandamus to compel the treasurer to refund the money, and the treasurer waives the issuance of an alternative writ, and signs and files a written stipulation that the facts stated in the application are true, and that he will consent to the issuance of a peremptory writ if the court finds the law of the case in favor of the plaintiff, and subsequently, upon the hearing, the court does find that the treasurer owes the plaintiff the money demanded, and that the law of the case is with the plaintiff, *held*, after such waiver and stipulation the defendant cannot insist that the plaintiff must seek some other remedy than mandamus for the recovery of the money demanded. *Held further*, That upon the waiver and stipulation of the treasurer, and the findings of the trial court, judgment should be rendered in favor of the plaintiff for the issuance of the peremptory writ.

2. TAXES — *Redemption — Mandamus — Writ Refused.* Where the owner of land sold for taxes is entitled to a redemption certificate upon paying the amount for which the land was sold, and all subsequent taxes, charges, and interest; and upon such tender being made, the treasurer refuses to execute to the owner offering to redeem the land a redemption certificate, as provided by law; and thereafter the owner obtains a peremptory writ of mandamus compelling the treasurer to execute to him a certificate of redemption, upon the payment of all taxes, charges, and interest, to the date of the tender; but subsequently the owner withdraws his tender and refuses to pay the taxes, charges and interest mentioned in the judgment, and then files a motion for the peremptory writ to issue in accordance with the judgment rendered: *Held*, Upon a further hearing, the court properly refused to grant the writ, unless the taxes, charges and interest to the date of the issuance of the redemption certificate were paid.

*Error from Saline District Court.*

THE opinion states the case.    Judgment for defendant *Hamilton*, on June 4, 1885.    The plaintiff *Byington* brings the case here.

*Seymour L. Byington,* plaintiff in error, for himself.

*Joseph Moore,* county attorney, for defendant in error; *W. P. Quinby,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: Byington filed his application for a writ of ʼmandamus to compel J. B. Hamilton, county treasurer of Saline county, to refund certain money paid by Byington for a void tax-sale certificate, the return of which he claims under §145, chapter 107, Comp. Laws of 1885; and also to compel Hamilton, as county treasurer, to issue to him certificates of redemption of certain lands and lots which had been sold for delinquent taxes. Hamilton appeared, waived the issuance of an alternative writ, and entered into a written stipulation admitting that the application correctly stated the facts, and further agreeing that if the court should be of the opinion, on the hearing of the application, that "the law of the case was with Byington," a peremptory writ should issue, unless he complied with the terms of the judgment within thirty days after its rendition. If an alternative writ had issued, and Hamilton had moved to quash the part referring to the refunding of money, upon the ground that mandamus would not lie, as Byington had otherwise a plain and adequate remedy at law, the motion would undoubtedly have been sustained; and the ruling would have been in accordance with *The State v. McCrillus,* 4 Kas. 250, and *The State v. Bridgman,* 8 id. 458. We think, however, under the stipulation, that the district court erred in refusing to order restitution of the money paid upon the void certificate of sale. Hamilton not only did not object to the writ of mandamus being the proper remedy, but expressly agreed that if the court found "the law of the case was with Byington" the writ should issue. The court found that Hamilton owed Byington the money mentioned in the application, and that "the law of the case was with Byington." It seems to us, therefore, upon the application and stipulation, that the

objection to the writ of mandamus, being the proper remedy, was waived. Therefore, as it appears that Byington is entitled to the money demanded from Hamilton, he should not be defeated in this action and remitted to another action against Hamilton to recover his money.

Upon the hearing concerning the issuance of certificates of redemption, the court found that Byington was entitled to have them issued and delivered to him, and allowed a peremptory writ therefor. It appears, however, from the record, that when Hamilton notified Byington of his willingness to issue the redemption certificates, no money was tendered or paid him, and on January 8, 1885, both parties being present, the court made the further order that no peremptory writ issue until Byington should tender or pay the amount of taxes, costs and interest to the date of the issuance of the certificates.

Counsel complain that the journal entry of January 8, 1885, is not properly a part of the record. No motion has been made challenging or amending the record, and the proceedings in error are brought to us upon a case-made. Embraced in the case-made is this journal entry. Upon the face of the record this entry is as much a part of it as the application for the writ of mandamus, or any of the other proceedings of the trial court. We must therefore consider this journal entry. The original judgment of the court, rendered on December 14, 1883, ordered the certificates of redemption to be issued on payment of the principal, with interest at twenty-five per cent. computed to the date of the tender; but as this tender was withdrawn, and when Hamilton was willing to issue the certificates of redemption no money was tendered or paid for the redemption of the lands and lots, the court properly refused, upon motion, to order the writ issued until all the taxes, costs and interest were tendered or paid.

The judgment of the district court will therefore be modified to this extent: A peremptory writ of mandamus will issue requiring Hamilton to refund the money paid by Byington for the void tax-sale certificates, unless within thirty days after

the entry of the judgment in the district court upon the mandate of this court, he fully complies with the terms thereof.

The judgment of the district court requiring Byington to tender or pay the taxes, costs and interest to the date of the issuance of the redemption certificates before the peremptory writ will be granted therefor, will be affirmed.

All the Justices concurring.