In the Matter of the Application of JOHN MAHONEY, Appellant, for a Writ of Mandamus against the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, November 9, 1917.

Mandamus — defense — adequate legal remedy — municipal corporations — compensation of public school janitors, city of New York, for services rendered in connection with vacation playground — board of aldermen has exclusive right to fix salaries of said janitors — board of education cannot rescind schedule of compensation adopted by board of aldermen — effect of signing payroll — charter, section 149, construed — salaries scheduled on different payrolls.

A writ of mandamus will issue although the applicant therefor may have an adequate legal remedy unless the objection is set up in the return.

A board of aldermen in the city of New York has the absolute right to fix the salaries of janitors of public schools, and where it has fixed a certain compensation for the regular day school activities of a janitor and has also fixed additional compensation for services rendered in connection with a vacation playground conducted at a school, the board of education

has no power to rescind by resolution the compensation fixed for playground services and mandamus will issue to compel the board of education to prepare and forward payrolls covering such compensation due to a janitor.

Especially is this so where the resolution of the board of education was passed subject to action by the board of aldermen and the board of assessment and apportionment and such action was never taken.

The board of aldermen has power to give additional compensation for such extra services performed in addition to regular work by janitors of public schools.

A janitor by signing the payroll for his regular day school activities was not barred by section 149 of the charter, as amended, from claiming the additional compensation for services rendered in connection with the vacation playground, if the compensation for the latter services was placed upon a different payroll.

APPEAL by the petitioner, John Mahoney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of August, 1917, denying his motion for a writ of mandamus to compel the board of education to prepare and forward payrolls, vouchers, etc., covering compensation due the petitioner for services as janitor of a vacation playground conducted in connection with a public school.

*John E. O'Brien,* for the appellant.

*Charles McIntyre,* for the respondent.

SMITH, J.:

The petitioner has been the janitor of public school No. 151 in the borough of Manhattan for upwards of ten years. On September 20, 1910, the board of aldermen adopted a resolution fixing the compensation of janitor of public school No. 151 at $2,640 per annum for regular day school activities down to date, and he also received compensation at $3 per session for playground services from 1911 to 1915. During the months of July, August and September, 1916, a vacation playground was conducted at public school No. 151 for an aggregate of forty-six sessions, which, at $3 per session, amounted to $138. During these months the petitioner performed the janitorial services in connection with such playground, and supplied and paid the helpers necessary in the work, and he has received no compensation for that service.

In accordance with the by-laws of the board of education

First Department, November, 1917.    [Vol. 179.

it is provided that all regular payrolls of janitors and janitor engineers in day schools shall be prepared in the office of the auditor on the fifteenth day of each month, or as soon thereafter as is possible; and all payrolls for evening schools, vacation schools, vacation playgrounds, etc., shall be prepared by the principal or other person in charge and shall be filed in the office of the auditor at least as often as at the end of each calendar month. In accordance with these by-laws the board of education has prepared a payroll for the regular work and a separate payroll for the vacation playgrounds work, and upon these separate payrolls the petitioner has been paid from 1911 to 1915, inclusive. It appears, also, that the moneys have been appropriated sufficient to pay this claim.

Upon May 10, 1916, there was submitted to the board of education a report of the committee on the care of buildings, recounting various matters with reference to the subject of janitorial compensation and making various recommendations. At that time the board of education adopted a resolution that the schedule of compensation for janitors for vacation playgrounds, etc., be rescinded, " subject to such action as may be necessary by the Board of Estimate and the Board of Aldermen," and adopted another resolution requesting the board of estimate and apportionment to take action. No action was taken by the board of estimate and apportionment or the board of aldermen. The petitioner duly signed the payroll for the regular salary for July, August and September, 1916, but the payroll for the vacation playgrounds was not certified; and it is to compel the board of education to certify this payroll that this proceeding is taken.

In the opinion written at Special Term it appears that the petitioner was denied relief upon the ground that he had a proper remedy by action, and the decision was placed upon the case of *Steinson* v. *Board of Education of N. Y.* (165 N. Y. 431). But a complete answer to this objection would seem to be that the defendant made no such claim in the return presented, and it has been held that specific objection must be made upon that ground in order to bar the right of the relator to mandamus. (Code Civ. Proc. §§ 2077, 2079; *People ex rel. Grannis* v. *Roberts,* 45 App. Div. 145; *Lough* v. *Outerbridge,* 143 N. Y. 277; *People ex rel. Ryan* v. *Bingham,* 114 App. Div. 170.)

It was not questioned upon the argument that the board of aldermen had the absolute right to fix the salaries of janitors, and if so, the resolution of the board of education assuming to rescind the schedule of compensation for vacation playground services was ineffective. Moreover, that resolution was passed subject to action by the board of aldermen and the board of estimate and apportionment, which action was never taken. The resolution of 1910, giving additional compensation for extra work, was clearly not illegal, as the board of aldermen only used this method of providing for the compensation of janitors who, in addition to their regular work, performed this extra service.

It is further claimed that by signing the payroll the petitioner barred himself from claiming compensation for this extra service, under section 149 of the charter (Laws of 1901, chap. 466), as amended by chapter 398 of the Laws of 1912. That statute provides that an employee who signs a receipt upon a payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due for the period covered by such payroll, unless he shall sign the same under protest. But this statute is not applicable, because the compensation for the playgrounds services was by the by-laws of the board of education placed upon a different payroll, so that this cannot be deemed a claim for wages or salary due for the period covered by such payroll within the meaning of the act.

We see no legal answer to the petitioner's claim for this salary, and as the right to this proceeding was not challenged in the return by the defendant's allegation of an adequate remedy at law, the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with fifty dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.