(88 South. 850)
**RHODES v. MARENGO COUNTY BANK.**
(2 Div. 764.)

(Supreme Court of Alabama. May 12, 1921.)

1. Counties ⊂⇒162—Act creating budget system and providing for preferential payment of current expenses valid.

Act Sept. 25, 1919 (Laws 1919, p. 722) §§ 1–3, providing that county commissioners might adopt a budget system and apply the whole revenues in each year to current governmental county expenses, is valid, being merely declarative of the pre-existing law, which allows payment of current expenses to the preference of old claims; the statute recognizing that the rate of interest on old claims could not be lowered.

2. Counties ⊂⇒193—Interest rate on claims allowed cannot be reduced without holder's consent.

Where the holders of past and allowed claims against a county stipulated for lawful rate of interest, such rate cannot be lowered without consent of the holders.

3. Counties ⊂⇒162—Regardless of statute, the entire county revenue, when necessary, may be devoted to payment of current expenses.

Regardless of statute, such as Act Sept. 25, 1919 (Laws 1919, p. 722), providing for budget system of county revenue, the entire county revenue may be devoted to payment of current governmental expenses when necessary, and passed and allowed claims must be deferred until there is a surplus in the treasury over the amount necessary for the payment of current expenses.

4. Counties ⊂⇒126—Statute as to order of payment of claims against county is part of contract.

The provisions of Code 1907, § 211, subd. 4, for registering claims against the general

fund and giving priority, become part of the contract between third persons and the county.

**5. Constitutional law ⬀144—Obligation of contract cannot be impaired by statute or county authorities.**

The obligation of a contract, including the remedy for its enforcement, cannot be impaired by county authorities exercising only such powers as are delegated.

**6. Counties ⬀21½—County authorities can exercise only delegated power.**

County authorities can exercise only such powers as are delegated to them by the Legislature.

**7. Constitutional law ⬀170—Obligation of contract impaired when remedy for enforcement is postponed.**

The obligation of a contract is impaired when the remedy for its enforcement is postponed or retarded without the substitution of a substantial equivalent.

**8. Counties ⬀168(3)—Commissioners cannot apportion general fund to pay interest on road warrants so as to defeat rights of holders of prior warrants.**

Where a county which was indebted adopted the budget plan pursuant to Act Sept. 25, 1919 (Laws 1919, p. 722), the county commissioners, while entitled under that law and the general pre-existing law to pay current expenses in preference to previous claims, cannot appropriate a portion of the general fund to payment of interest on road warrants, regardless of their priority, and thus defeat the rights of holders of warrants having priority because of previous allowance and registration, pursuant to Code 1907, § 211, subd. 4, for the commissioners' court cannot thus defeat the rights of the holders of such warrants having priority to subject the excess over necessary current expenses to payment of his claim.

**9. Counties ⬀160—Where there was no surplus general fund, transfer of portion to payment of road warrants not justifiable.**

While Act Sept. 22, 1915 (Laws 1915, p. 573), authorizes the transfer of any surplus of the general fund to road fund, a transfer of a portion of the general fund to the road fund cannot be justified under that act, where the county was much indebted, and there were warrants having priority unpaid.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Petition by Roy G. Rhodes, for mandamus to be directed to the Marengo County Bank, as county depositary for Marengo county, requiring it to pay a certain warrant issued by the commissioners' court of said county, payable to one B. F. Whitcombe, and properly assigned to petitioner. From a decree denying the writ, petitioner appeals. Reversed and remanded.

The facts found by the court trying the cause, and directed to be here reproduced, are as follows:

That the contract, upon which the warrant in this proceeding is based, was made and entered into by the said B. F. Whitcomb and the commissioners' court of Marengo county, Ala., in the year 1917, and prior to the issuance of the said warrant, and that the same was fully performed by the said Whitcomb on his part; that thereafter the said Whitcomb did present to the court of county commissioners of said county a claim for the said work in building the said county bridge, duly itemized and verified, as required by law, and that thereupon the said court did make an order allowing the said claim, and directing the judge of probate to issue to him a warrant for the said claim, and the interest thereon, in all respects as provided for by the said contract, at a regular term of the said court; that thereupon the said probate judge did issue the warrant, which is attached to the petition in this cause, and that the said Whitcomb did, on the 4th day of April, 1917, have the said warrant registered against the general fund of Marengo county by the county depositary of the said county, and that he thereafter indorsed, transferred, and delivered the same to the petitioner in this cause, who is the present owner and holder of the same, and is entitled to collect the same. The court further finds that the said petitioner did, on the 3d day of March, 1921, duly present the said warrant to the Marengo County Bank, as county depositary, and that the said bank was then the county depositary, and did demand payment of the same, and that the said depositary did decline to pay the same, assigning as ground therefor, in writing, the cause set forth in the petition in this case, and no other. The court further finds that the said bank, as such depositary, did have in its hands at the time of the said presentation and demand sufficient funds, belonging to the county, and in the general funds thereof, with which to pay the same, and which could have been lawfully applied to such payment, unless the appropriations made by the said commissioners' court of Marengo county for a budget system, made on the 17th day of January, 1921, and the 23d day of February, 1921, true and correct copies of which are attached to and made a part of the return in this proceeding, and made under the authority of the act approved September 25, 1919, authorizing the counties to adopt the budget system, and found on page 722 of the General Acts of 1919, were lawfully made, and operated to transfer all the money in the general fund to the said funds named in the said orders, for the special purposes named in the same, and which withdrew the same from the said general fund, though not actually transferred at the time on the books of the county depositary. The court ascertains and finds that the said act, approved September 25, 1919, authorizing the commissioners' court to adopt a budget system (Acts 1919, p. 722), and to transfer and to appropriate the same to the expenses of the county, is a valid and lawful act, in so far as the petitioner's said warrant is concerned, issued prior to the said act, though said orders put it out of the power of the county depositary to then pay the same.

The court further finds that the county of Marengo was, on the dates the said orders were made, and now is, largely indebted, and that it is practically four years behind in the

payment of warrants registered against the general funds of the said county, most of which bear interest at the rate of 8 per cent. per annum, until payable, in the order of their registration, and that the said indebtedness is largely more than $50,000, and the warrants lately issued are being sold at a discount of from 15 to 33 per cent., even where bearing interest at 8 per cent. per annum, and that adopting the budget system, as provided for in the said act of 1919, would enable the county to pay cash, approximately, for work, labor, material, and other county expenses, and operate a large saving to the said county, and be highly beneficial to the county, and that the orders of the said court were made in good faith, and with the purpose of protecting the interest of the said county the court ascertains, and so holds, that the said act of 1919, in so far as it relates to the warrant in this proceeding, and the said orders of the commissioners' court, in so far as they affect or relate to the petitioner's said warrant in this case, were and are valid and legal in all respects, though the court further finds that the necessary and logical effect of the said orders of the commissioners' court necessarily postpones the time of payment of the said warrant, and makes the time wholly indefinite and uncertain as to when the same will be paid.

The court further finds that the said two orders of the commissioners' court furnish a valid and legal excuse to the said Marengo county bank, as county depositary, for its refusal to pay the said warrants, as alleged in the petition and admitted in the answer or return to the writ, and therefore the said petitioner is not entitled to the peremptory writ of mandamus to compel the payment of the said warrant as against the said bank, as county depositary.

I. I. Canterbury, of Linden, and B. F. Elmore, of Demopolis, for appellant.

The act (Acts 1919, p. 722) may be valid as to future contracts, but cannot affect contracts already in existence. 96 U. S. 595, 24 L. Ed. 793; 97 U. S. 284, 24 L. Ed. 937; 6 R. C. L. 329, §§ 319 and 329, and cases there cited. It follows that as far as the petitioners' warrant is concerned the act referred to is violative of the constitutional provisions. Section 10, Const. U. S.; section ——, Const. Ala. 1901; 203 U. S. 311, 27 Sup. Ct. 83, 51 L. Ed. 198; 125 U. S. 18, 8 Sup. Ct. 741, 31 L. Ed. 607; 92 U. S. 351, 23 L. Ed. 719; 40 Ala. 102; 43 Ala. 224; 48 Ala. 446; 197 Ala. 375, 72 South. 613, L. R. A. 1918B, 881; 195 Ala. 619, 71. South. 448. The county, through its commissioners, cannot adopt any order or make an order violating the obligation of an existing contract. 54 Ala. 639, 25 Am. Rep. 730; 80 Ala. 206; 80 Ala. 290; 85 Ala. 592, 5 South. 341.

William Cunninghame, of Linden, for appellee.

The court properly denied the writ of mandamus. Acts 1915, p. 573; Acts 1919, p. 722; 204 Ala. 463, 86 South. 46; 95 Ala. 395, 11 South. 131; 117 Ala. 359, 23 South. 193; 70

Ala. 145; 85 Ala. 579, 5 South. 319; 99 Ala. 313, 13 South. 776; 119 Ala. 278, 24 South. 28; 6 R. C. L. 360; 8 Cyc. 998.

SAYRE, J. Application by appellant for a writ of mandamus to compel the respondent. bank, as county depositary for Marengo county, to pay a warrant drawn by the commissioners' court in favor of B. F. Whitcomb, and by him assigned to appellant. The parties agree that it shall be considered for the purpose of this case that appellant has the same right to relief that his assignor would have had in the absence of an assignment. In the trial court the application was denied, after which this appeal. The facts are stated in the trial court's opinion and judgment, which will be reproduced in the report of the case.

[1, 2] In section 1 of the act of September, 25, 1919 (Acts, p. 722), it was provided that courts of county commissioners, boards of revenue, and other governing bodies of counties, should have authority to adopt the "budget system" for the conduct of county affairs, and to that end appropriate from the county treasury "sufficient funds to pay the actual expenses" as shown by the budget so adopted. With or without this declaration of legislative purpose it was competent for commissioners' courts and boards of revenue, if necessary or expedient in the exercise of that part of the sovereign legislative and administrative power of the state previously committed to them, to adopt the "budget system," and to apply the whole revenues in each year to current governmental county expenses, leaving nothing to be applied in payment of old debts. White v. Decatur, 119 Ala. 476, 23 South. 999. Section 2 of the act recognizes the fact that where holders of passed and allowed claims against the county have stipulated for a lawful rate of interest, such rate cannot be lowered unless with the consent of the holders. Bryan v. Moore, Minor, 377; 22 Cyc. 1521. Section 3 appears to be but another declaration in part of the existing law; but it provides that—

Passed and allowed claims "shall be paid as soon as the condition of the county treasury shall warrant their payment out of any funds available for such purpose and not actually necessary for the current expenses of the county as shown by said budget."

True, the act postpones the payment of previously passed and allowed claims to current expenses "as shown by said budget"; but the claims thus preferred are, in effect, defined by the section as claims arising out of the actually necessary conduct and operation of county affairs during the current year. On the one hand, we do not see that anything is accomplished by the act; on the other, we see on its face no tenable objection to its validity.

[3] The real question presented by the record is this: Whether under the act above referred to or previous law the commissioners' court of Marengo county had authority to defer payment of petitioner's claim, passed and allowed four years before, until all the items of current county expense shown by the budget should be paid, and we apprehend that, while the budget may be looked to as an official ascertainment and declaration of those expenses which are necessary to the proper discharge of the governmental functions of the county, and the estimated revenues to meet them, such expenses, so far as legal right is concerned, would just as well have been preferred without the budget, for in any event only the surplus of income, after current governmental expenditures have been met or provided for, can by process of law be applied in payment of petitioner's claim. White v. Decatur, supra. If the fact were that the commissioners' court had levied taxes to the limit of its authority—and as to that no question is raised in this case—and the county's entire income were necessary to meet its legitimate expenses for governmental purposes, and there were no surplus in the treasury to the credit of the general fund of the county, petitioner could only await the time when the proper conduct of county affairs would produce a surplus from which he might be paid. J. B. McCrary Co. v. Brunson, 204 Ala. 85, 85 South. 396.

[4-8] The record shows the items and the sum of the expenses provided for by the order of the commissioners' court. We need not examine them seriatim. It is enough to say that in the list the court included an item of $8,400 for annual interest on road warrants—far more than enough to pay petitioner's warrant, which was for $21.25. There was also to the credit of the general fund far more than enough to pay petitioner's warrant in its turn, had not that fund by the orders of the commissioners' court been transferred on the books of the county depositary to the credit of the items of expense shown by the budget. It is the duty of the county treasurer—

"to number and register, in the order in which they are presented, all claims against the general fund which have been audited and allowed by the court of county commissioners as claims against such fund, such register showing the number of the claim, the date presented for registration, to whom allowed, when allowed, the character of the claim and the amount thereof; and, except as otherwise provided by law, pay the same in the order of their registration." Code § 211, subd. 4.

To the duties and obligations of the county treasurer the county depositary, appellee, has succeeded. The provisions of the statute affecting the means and order of payment became a part of the contract between the parties. Commissioners' Court v. Rather, 48 Ala. 433. The obligation of the contract, including the remedy for its enforcement, could not be impaired by statute, and, such being the case, its obligation could not be impaired by the county authorities (Board of Revenue v. Farson, 197 Ala. 375, 72 South. 613, L. R. A. 1918B, 881), exercising only such powers as are delegated to them by the Legislature. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730. The obligation of a contract is impaired when the remedy for its enforcement is postponed or retarded without the substitution of a substantial equivalent. Osborn v. Johnson Wall Paper Co., 99 Ala. 313, 13 South. 776, and authorities cited. At the time of the presentation of petitioner's claim for payment, four years after its registration, the county was in funds, out of which, in its turn, his claim should have been satisfied. The effort on the part of the commissioners has been to convert the fund out of which petitioner was entitled to payment into a fund for the payment of interest only on road warrants, and thus to deprive him of his preference under the law as it existed at the time of the contract between the parties. We are not informed whether the debt, for the payment of the interest on which the sum of $8,400 is set apart in the budget, is a debt the principal of which, or the interest only, will fall due during the year; but, whatever may be the fact as to that, it is clear that such debt is not a current expense of administering the county government, and the commissioners' court had no right to set apart to its exclusive payment any part of the revenues so as to defeat petitioner of his right to subject the excess over necessary current expenditures to the satisfaction of his claim, payable in the order of its registration. White v. Decatur, supra; Anniston v. Hurt, 140 Ala. 394, 37 South. 220. The necessary effect of the orders made in the premises by the commissioners' court, as the trial court found, was to postpone petitioner's warrant and make the time of its payment wholly indefinite and uncertain.

[9] Counsel refer to the act of September 22, 1915 (Acts, p. 573), which authorized the transfer of any surplus of the general fund to the road fund. But that act is of no consequence in this connection, for the reason that there could be no surplus of the general fund as long as there were unpaid claims, audited, allowed, and registered, outstanding against it.

Nor does the decision in Harold v. Herrington, 95 Ala. 395, 11 South. 131, help the contention against the petitioner in this case. That case was concerned about the fine and forfeiture fund of a county, a fund in which "nobody has, or can have, a vested right to share in or be paid out of, since the right so to do, when it is accorded by the Legislature, is a matter of mere grace and expediency."

Here, as we have written, contract rights are involved, and are beyond the reach of legislative interference.

We will not be understood as speaking of the operation of the orders of the commissioners' court on claims audited, allowed, and registered subsequent to such orders. That question is not presented. Nor does it appear to us that the language of the act of September 25, 1919, needs be construed as intending anything contrary to what has been written in this case. The trouble has been in the too broad interpretation of its powers by the court of county commissioners.

Our conclusion is that the orders of the commissioners' court on the authority of which the county depositary refused to pay petitioner's warrant, in so far as they purported to affect the time and manner of the payment thereof, were and are invalid, and that, in consequence, petitioner was and is entitled to the relief prayed.

Reversed and remanded to the trial court, where judgment will be rendered in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.