(129 So. 266)

### CRUMLY v. HENRY, County Treasurer.

6 Div. 674.

Supreme Court of Alabama.

June 28, 1930.

A. L. King, of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellee.

GARDNER, J.

This is a mandamus proceeding against the county treasurer to require the payment of a warrant duly issued and delivered to petitioner pursuant to order of allowance of his claim by the board of revenue of Jefferson county, as disclosed by the minutes thereof.

The question as to whether or not the proper remedy was pursued by petitioner is not here presented. Brown v. Gay-Padgett Co., 186 Ala. 561, 65 So. 333; Weakley v. Henry, 204 Ala. 463, 86 So. 46; Farson v. Bird, 197 Ala. 384, 72 So. 550; section 10265, Code 1923. No objection to the form of remedy was interposed, and none here suggested. The petition was answered and the cause tried upon its merits. It is held, and we think correctly so, that a failure to make the specific objection is a waiver thereof. Mahoney v. Board of Education, 179 App. Div. 782, 167 N. Y. S. 222; Byington v. Hamilton, 37 Kan. 758, 16 So. 54; 38 C. J. 570. We will, therefore, without regard to the question of proper remedy, proceed to a consideration and determination of the cause upon its merits. Stone, County Treas. v. State ex rel. Ambrecht, 220 Ala. 437, 125 So. 653.

The minutes offered in evidence, bearing date November 13, 1928, fully support the allowance of the claim and issuance of the warrant, and, indeed, the averments of the petition are not controverted. This minute entry recites fully the facts as to the claim, the regrading and paving of the county road adjacent to petitioner's property, and the consequent encroachment upon the same to the extent of four feet; the order of issuance of the warrant in the sum of $550, in consideration of a deed to the property therein fully described. The deed was duly executed and delivered by petitioner to the board of revenue of Jefferson county, accepted by said board, and duly recorded. The answer, rather broadly, it seems, charges fraud in the issuance of the warrant as a subterfuge for an illegal and disallowed claim. But the proof, read and considered

by the court in consultation, wholly fails to sustain any charge of fraud. The court, over petitioner's objection, permitted inquiry as to any consequential damage to his property by overflow as a result of the elevation of the grade of the road adjacent thereto. The claim here insisted upon, however, is for property actually taken, and for which deed was duly delivered. It would seem, therefore, that the objection was due to be sustained. But even should such evidence be given full weight it shows no fraud, nor does it tend to establish the invalidity of the present claim.

It appears that on November 27, 1928, an order was entered by the board of revenue rescinding the action of the board of November 13, 1928, allowing this claim. Petitioner insists that, under the authority of Commissioners' Court v. Moore, 53 Ala. 25; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 So. 112, and Speed v. Cocke, 57 Ala. 209, the board in this respect acted beyond its power. The writer of the opinion in Fountain v. State, 210 Ala. 51, 97 So. 59, appeared to be impressed that the language of these cases needed to be harmonized with what was done in Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196. But we need not stop to inquire as to this in the instant case, for the exigencies of this case do not call for a decision as to whether or not under any circumstances the board may rescind a former allowance. We leave this question aside, for, conceding, without deciding, such power, the burden would rest upon the board to establish good and sufficient reason and justification for such action. No such here appears—merely the order of rescission without explanation and nothing more. Indeed, rather the contrary appears, as the proof is without dispute that the county retains the deed to petitioner's property and no pretense of an offer to restore it, and no proof whatever of any fraud in the transaction. Under such circumstances, the cases of Strong v. Waddell, 56 Ala. 471 and Thompson v. Sheppard, 85 Ala. 611, 5 So. 334, tend strongly against such order of cancellation.

That petitioner, armed with a warrant duly issued upon a claim duly allowed, had rights which should be respected, is well recognized by our cases. Board of Revenue v. Farson, Son & Co., 197 Ala. 375, 72 So. 613, L. R. A. 1918B, 881; Ramage, Parks & Co. v. Folmar, 214 Ala. 661, 108 So. 580; Rhodes v. Marengo County Bank, 205 Ala. 667, 88 So. 850.

We conclude the judgment of the trial court denying relief is erroneous, and should be reversed. No sufficient reason appearing to the contrary, a judgment in petitioner's favor will be here entered.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.