164 So. 293

GRAY v. STATE ex rel. GARRISON et al.

6 Div. 805.

Supreme Court of Alabama.

Nov. 21, 1935.

R. A. Cooner, of Jasper, for appellant.

J. B. Powell, of Jasper, for appellees.

BOULDIN, Justice.

Appeal from judgment awarding relief in mandamus proceedings.

The petition for mandamus was in the name of the state of Alabama, on the relation of L. C. Garrison, and others, members of the Walker county library board, one of whom was treasurer, against J. M. Gray, as chairman of the county commission of Walker county, to require his signature, as such chairman, to a county warrant issued on an appropriation by the county commission, the governing body of the county, for the support of Walker County Library, a free public library serving the citizens and public schools of Walker county.

It is now the settled rule in Alabama that a mandamus proceeding to compel a public officer to perform a legal duty in which the public have an interest, as distinguished from an official duty, affecting a private interest merely, is properly brought in the name of the state on the relation of one or more persons interested in the performance of such duty to the public; but, if the matter concerns the sovereign right of the state, it must be instituted on the relation of the Attorney General, the law officer of the state. Board of Education of Jefferson County et al. v. State ex rel. Kuchins et al., 222 Ala. 70, 75, 131 So. 239; State ex rel. Chilton County v. Butler, State Tax Com'r, 225 Ala. 191, 193, 142 So. 531; Bryce v. Burke, Probate Judge, 172 Ala. 219, 55 So. 635; State ex rel. Smith, Treasurer,· etc., v. White, Auditor, 116 Ala. 202, 203, 23 So. 31; Longshore, Judge, etc., v. State ex rel. Turner, 137 Ala. 636, 34 So. 684.

The governing body of the county may establish and maintain, or aid in establishing and maintaining, free public libraries for the use of the citizens of the county, separately or in connection with the public schools, and make appropriations therefor from the county treasury, not exceeding $5,000 annually. Code, § 1545, as amended by Acts 1927, p. 69, § 1, School Code 1927, p. 341.

The supervision of the libraries is vested in a county library board (Code, § 1546, School Code 1927, § 400) with powers defined in Code, § 1547, as amended by Acts 1927, ·p. 69, § 2, School Code 1927, p. 341.

County boards of education may make appropriations for libraries for public schools. School Code 1927, § 391.

■ It is averred and proved that pursuant to these statutory provisions a county library board has been established in Walker county, and a county library for use of citizens and public schools established and maintained for several years, with the aid of appropriations by the county governing body from the county treasury, appropriations by the county board of education, certain state library funds, and donations from the Rosenwald fund.

If there was a legal duty on the respondent, as chairman of the county commission, to sign the warrant in question, it was a legal duty in which there was such public interest as warranted a proceeding by mandamus in the name of the state, on the relation of the members of the county library board. It was not necessary that the treasurer of said board proceed as the sole relator.

The court's ruling on demurrer presenting these points was in accord with these views and free from error.

The county commission of Walker county was established by Act of October 11th, 1932, Local Acts, Extra Session 1932, p. 28. By section 8 it is made the duty of the chairman of the commission "to sign all warrants drawn on the County Treasury in payment of legal claims."

■ The order made by the county commission and entered upon the minutes on September 21, 1934, was, in our opinion, effective as a present appropriation of the sum of $4,500 from the general funds of the county for the support of Walker County Library. Construing the order according to its evident intent, the concluding phrase, "when and as soon as available," refers to date of payment of a warrant issued on such appropriation. On the drawing of a proper warrant by the majority of the board, it became a legal duty of the chairman to sign it, unless other facts intervened relieving him of such duty.

Considerable evidence was offered touching the condition of the general fund in the county treasury at the time of such order, and at the time the warrant was drawn, January 1, 1935.

■ Suffice to say that whether the funds in the treasury, and those estimated to come in during that fiscal year, were sufficient to meet the preferred claims under Code, § 231, as amended by Acts 1931, p. 325, and other demands deemed of higher obligation than this, and still leave a balance to pay this warrant, and so avoid a deficit for the year, is not controlling.

The duty of the treasurer to set apart sufficient funds to meet preferred claims under Code, § 231, is not affected by voluntary appropriations of this class, nor the warrants issued thereon; so it cannot be said that the issuance of this warrant would in any way deprive the county of necessary funds to meet these essential expenses preferred by law.

It is admitted that Walker county is not indebted to the amount of the constitutional debt limit. The rule applicable to counties which are so indebted, and required to operate on the pay-as-you-go plan, as defined in Brown, Treasurer, v. Gay-Padgett Hardware Co., 188 Ala. 423, 66 So. 161, is not applicable.

Code, § 303, subd. 4, governs the registration and order of payment of warrants of this class.

■ A prudent and zealous regard for the condition of the county treasury, the avoidance of debt, impairment of credit, devotion of public funds to needs of those who pay them in taxes, should characterize the administration of all governing bodies. But the law, within limits, places this responsibility on the governing body, vests it with power to make legal appropriations for important public purposes defined by law. Here, the law has vested the county commission with full power to co-operate in providing an educational facility in the form of a county library. When the appropriation was duly made, the duty of the chairman to sign the warrant was ministerial.

Affirmed.

GARDNER, BROWN, and FOSTER, JJ., concur.