50 So.2d 424

**WYATT v. PARRISH, Judge.**
5 Div. 489.

Supreme Court of Alabama.
Feb. 8, 1951.

Lawrence F. Gerald and Jos. J. Mullins, Clanton, and T. B. Hill, Jr., Montgomery, for appellee.

LAWSON, Justice.

This is a mandamus proceeding instituted in the Chilton County Law and Equity Court by Delene B. Wyatt, appellant here, to require the appellee, as probate judge and ex-officio chairman of the Commissioners Court of Chilton County, to sign and deliver to relator a warrant for the payment of a claim against Chilton County for her services as clerk of the Commissioners Court of that county for the month of April, 1949, which claim had been audit-

J. B. Atkinson, Clanton, for appellant.

ed, approved, passed and allowed by the Court of County Commissioners.

Upon the filing of the petition, it was ordered that alternative writ of mandamus issue to respondent. The alternative writ was duly issued, served and returned to the court. After service of the alternative writ upon respondent, he filed what is termed an answer to the petition. The alternative writ or rule nisi is not only process, but is pleading, and in strictness is the pleading to be answered by the respondent. Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880. While the procedural law in mandamus was not strictly observed in respondent's answer or return, we will treat the answer in this case as a return to the rule nisi. Ex parte Milner, 250 Ala. 511, 35 So.2d 169.

The question as to whether or not the proper remedy was pursued by petitioner is not here presented. The respondent answered without any objection to the form of remedy and no such objection is suggested here. We have held that a failure to make specific objection is a waiver thereof. Crumley v. Henry, 221 Ala. 526, 129 So. 266. However, it appears that the proper remedy was pursued under the averments of the petition that the governing body of the county had audited, approved, passed and allowed petitioner's claim. Jeffersonian Publishing Co. v. Hilliard, 105 Ala. 576, 17 So. 112; Gray v. State ex rel. Garrison, 231 Ala. 229, 164 So. 293.

The relator interposed demurrer to the answer. The demurrer was overruled as to the answer as a whole and as to each paragraph thereof, whereupon relator suffered a nonsuit and has appealed to this court.

The submission here was on motion and merits. The motion is by appellee to dismiss the appeal on the following grounds: (1) That this court has no jurisdiction of the appeal; (2) that the judgment appealed from will not, as a matter of law, support and sustain an appeal to this court; (3) that there is no provision of law allowing an appeal in this cause from the Chilton County Law and Equity Court to the Supreme Court of Alabama; (4) that the right of the appellee to appeal from the judgment rendered was to the circuit court of Chilton County, Alabama, and not to this court.

The first question for our consideration is whether a judgment of nonsuit may be entered in this character of proceeding from which an appeal can be taken to an appellate court. If not, the appeal must be dismissed. Davison v. Stutts, 233 Ala. 491, 172 So. 600.

Under the practice in mandamus proceedings it is not necessary to demur to or move to quash the answer. As before stated, the alternative writ is not only process but part of the pleading. The sufficiency of the answer to the alternative writ will be considered without further pleading. If the answer is sufficient, the writ will be denied. If insufficient, a peremptory writ will be granted. Longshore v. State ex rel. Turner, 137 Ala. 636, 34 So. 684. But it is not improper for relator to interpose demurrer or motion to quash the answer. Longshore v. State ex rel. Turner, supra; Gordon v. State ex rel. Cole, 237 Ala. 113, 185 So. 889; Ex parte Montgomery, 247 Ala. 497, 25 So.2d 171.

The trial court's action in overruling relator's demurrer was in effect a determination that the answer stated a legal cause against the issuance of the peremptory writ. It would follow that unless the relator took issue on the averments of the answer, the peremptory writ would be denied and the petition for mandamus dismissed. The ruling of the trial court on the demurrer made it necessary for relator to suffer a nonsuit within the meaning of § 819, Title 7, Code 1940, which section reads as follows: "If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

While no case has come to our attention wherein a judgment of nonsuit has been entered in a proceeding of this character, we see no reason why the provisions of § 819, Title 7, Code 1940, should not have application to such a proceeding. We hold, therefore, that in view of the action of the trial court in overruling relator's demurrer to the answer, it was necessary for relator to suffer a nonsuit and that the judgment of nonsuit entered by the trial court is final in such sense as to support an appeal. Ex parte Martin, 180 Ala. 620, 61 So. 905.

Appellee insists that the appeal should have been taken to the circuit court of Chilton County, and hence the appeal to this court should be dismissed. We cannot agree with this contention.

The Chilton County Law and Equity Court was created by a local act approved July 12, 1949, General and Local Acts, 1949, p. 314.

In § 1 of the said act it is provided that the Chilton County Law and Equity Court "shall be a court of record, and which shall have and exercise concurrent jurisdiction now conferred, or which may hereafter be conferred, upon the several Circuit Courts of the State," but it is deprived of jurisdiction of felony cases and its civil jurisdiction "on the law side of said court shall not exceed the sum of $500.00, exclusive of the interest and cost". It has concurrent equity jurisdiction with the circuit court. State v. LeCroy, 254 Ala. 637, 49 So.2d 553.

Appeals from judgments of conviction in criminal cases and from judgments rendered "in any civil cause" must be taken to the circuit court of Chilton County. §§ 9 and 10. Appeals in equity cases come to this court. § 11.

Mandamus is an extraordinary remedy; hence, the judge of the Chilton County Law and Equity Court has the authority to issue writs of mandamus by virtue of the provisions of § 23, which reads as follows: "The judge of said court shall have power to issue search warrants, writs of habeas corpus, prohibition, certiorari, quo warranto, injunctions and all other special and extraordinary writs, and the procedure, practice and rules of the Circuit Courts of Alabama relating to such writs as are now, or which hereafter may be provided, by law, except as otherwise provided in this Act, shall prevail in the Chilton County Law and Equity Court, and the judge thereof shall have the same powers and authority, including punishment for contempt as is or hereafter may be conferred upon the judges of the Circuit Courts of Alabama, unless otherwise provided in this Act."

There is no express provision in the act for an appeal from judgments, decrees and orders entered in the type of proceedings dealt with in § 23.

Appellee argues that since there is no such provision in the act, appeals in mandamus cases must go to the circuit court of Chilton County, mandamus being on the law side and the act providing that appeals from all judgments in civil causes shall be taken to the circuit court.

We do not think that this position is well founded for the reason that under the provisions of the said local act, the judge of the Chilton County Law and Equity Court has the same powers and authority in regard to mandamus and other extraordinary remedies as is conferred upon the judges of the circuit courts of this state and, therefore, appeals in such proceedings are governed by the provisions of § 1074, Title 7, Code 1940, which reads as follows: "From the final judgment of any circuit court *or other court exercising the jurisdiction of such court,* in any such proceeding, an appeal shall lie to the supreme court as in other cases; but such appeal must be taken within thirty days after the final judgment is rendered, and shall be a preferred case in the supreme court, and shall be decided at the first term to which it is taken." (Emphasis supplied.)

The motion to dismiss the appeal is overruled.

We come now to consider the merits. The assignments of error are to the effect that the trial court erred in overruling relator's demurrer to the respondent's answer.

The answer or return of respondent is as follows:

"1st. That he denies each and every averment therein contained.

"2d. For further answer to said petition and each paragraph thereof, separately and severally, says:

"That at the time of filing of the petition in this cause and at the time of filing this pleading, the petitioner, Delene B. Wyatt, was indebted to Chilton County, Alabama in a sum of Two Hundred and No/100 ($200.00) Dollars, for money on the 25 day of March, 1949, received by the respondent to the use of Chilton County, Alabama, which sum of money, with the interest thereon is still unpaid and is the property of Chilton County, Alabama.

"3d. For further answer to said petition and each paragraph thereof, separately and severally, says:

"That at the time of the filing of the petition in this cause and at the time of filing this pleading, the petitioner, Delene B. Wyatt, was indebted to Chilton County, Alabama in a sum of Two Hundred and No/100 ($200.00) Dollars, *or more,* for money on the 25 day of March, 1949, received by the respondent to the use of Chilton County, Alabama, which sum of money, with the interest thereon is still unpaid, and is the property of Chilton County, Alabama." (Emphasis supplied.)

It is manifest that the first paragraph of the answer, which merely denies the averments of the petition, is not subject to any of the grounds of the demurrer.

Paragraphs 2 and 3 of the answer do not deny the averments of the petition to the effect that relator had rendered service as claimed and that her claim had been audited, approved, passed and allowed by the Commissioners Court. Under the averments of these two paragraphs of the answer, respondent seeks to avoid the duty of signing and delivering a warrant to relator on the ground that relator was indebted to Chilton County in a sum in excess of that claimed by her. The validity of relator's claim and the action of the county commissioners in allowing it are not questioned.

The court of county commissioners is a court of record, of peculiar constitution. It is clothed with large powers relating to the internal government and affairs of the county, some of which are in their nature legislative, some judicial, and others administrative or executive. The court has authority "To examine, settle, and allow all accounts and claims chargeable against the county." § 12, subdiv. 4, Title 12, Code 1940. When the court has audited and allowed a claim against a county, it is the duty of the judge of probate, the keeper of the records of the court, to sign all warrants drawn upon the county depository or county treasurer. § 51, Title 12, Code 1940. The audit and allowance of claims against the county is the exercise of administrative or executive, not judicial, power. If the record should show affirmatively that the court had allowed a claim not legally chargeable to the county, the allowance of which was an excess of the authority with which the court is entrusted, the allowance would be void. But when the claim is of a character with which the county is by law chargeable, the audit and allowance creates a prima facie liability on the county, and the prima facie liability on the county imposes on the judge of probate the duty of giving the claimant a warrant on the county treasury for the amount allowed. He is without authority to revise the action of the Commissioners Court in the allowance of the claim, as he would be without authority to revise its action in the disallowance of a claim. The duty of the probate judge is obedience to the mandate of the court, a mere ministerial duty imposed on him in his ministerial capacity as the keeper of the records of the court, in the performance of which he is without discretion. Commissioners' Court v. Moore, 53 Ala. 25; Jeffersonian Publishing Co. v. Hilliard, supra; Carnley, Judge of Probate v. Moore, 214 Ala. 114, 106 So. 604. In Jack v. Moore, 66 Ala. 184, 187, it was said: " * * * The issue of warrants on the county treasury, in payment of claims the Commissioners Court have allowed and ordered to be paid is a ministerial duty imposed on the judge of probate, in the performance of which

he has no discretion, unless the order of allowance is of itself, and on its face, an absolute nullity, imposing no duty, and conferring no rights. When on its face the allowance of the claim is valid, and is the instrumentality for the payment of a claim chargeable on the county, he is without discretion—his duty is plain and simple, to issue the warrant on the county treasury, in obedience to the order of allowance; and if he refuses, the Circuit Court of the county, having a general jurisdiction and superintending power over all inferior tribunals, and officers exercising ministerial power within its territorial limits, can by *mandamus* compel obedience * * *" (Emphasis supplied)

We are clear to the conclusion that under the holdings of the cases above cited, paragraphs 2 and 3 of the answer set up no legitimate defensive matter to the issuance of the peremptory writ of mandamus. It follows that the trial court erred in overruling relator's demurrer to these paragraphs of the answer.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

BROWN, FOSTER and LIVINGSTON, JJ., concur.