KENNEDY, Justice.
This declaratory-judgment action concerns the authority of the chairman of the Jackson County Commission, Joe Buttram, *1098 to fire employees of Jackson County, in light of the holding in Nicholson v. Gant, 816 F.2d 591 (11th Cir.1987). We reverse and remand.
Joe Buttram, chairman of the Jackson County Commission, filed this action against Terry West, the county administrator; the members of the Jackson County Commission;[1] the members of the Jackson County Personnel Board;[2] and certain clerical-staff employees of the county.[3] Buttram’s complaint sought, pursuant to § 6-6-220 et seq., Ala.Code 1975, and Rule 57, Ala. R. Civ. P., a judgment declaring as follows:
“A. That the Jackson County Commission, otherwise known as the Board of Revenue of Jackson County, is without authority to issue, adopt or promulgate that document referred to ... as ‘Personnel Handbook 1990 Jackson County’; or any ordinance, resolution, rule, regulation, practice or procedure purporting to adopt or promulgate the same.
“B. That the Jackson County Commission, otherwise known as the Board of Revenue of Jackson County, is without authority to create, constitute or appoint a Personnel Board of Jackson County.
“C. That Personnel Board Defendants have no legal authority to ... act as a body or individually in connection with any personnel matter involving an employee of Jackson County.
“D. That Defendants West, Evelyne Morris, Shirley Morris, and Sisco are employees of Jackson County, employed pursuant to authority of Ala. Acts 1945 [Act No. 335]; Ala. Acts 1950 [Act No. 65]; Ala. Acts 1953 [Act No. 392]; Ala. Acts 1957 [Act No. 113]; Ala. Acts 1963 [Act No. 309]; Ala. Acts 1967 [Act No. 114]; Ala. Acts 1971 [Act No. 210]; and Ala. Acts 1971 [Act No. 949]; and that they are subject to discharge by act of the individual authorized to ... hire them, or their successors in interest, to wit: the Plaintiff.
“E. In the alternative, that Defendant West is ‘the principal assistant to an elected official’; to wit: the Plaintiff, as that phrase is used in ‘Personnel Handbook 1990 Jackson County’, § 111(A)(2), and is as such subject to discharge at will, and for no cause, by Plaintiff.”
The, controversy giving rise to this action has a long history. The factual background is set forth in the case of Nicholson v. Gant, supra:
“On January 12, 1976, the plaintiff-appellee Tillie Nicholson (hereinafter Nicholson) was employed by the defendant-appellant Jackson County Commission (hereinafter Commission) under the CETA program. At the time of Nicholson’s initial employment, defendant Sam Gant, II (hereinafter Gant) was the Chairman of the Commission. In January, 1976, Gant sought reelection as the incumbent chairman, but he was defeated by Lawrence Sebring. In January, 1977, Sebring took over the position of Chairman of the Commission. During the Sebring administration, Nicholson transferred from the CETA program to regular employment with the Commission as the county clerk. Nicholson was later promoted to the position of assistant clerk [sic].
During the Sebring administration, the Commission changed the titles of its staff so that Nicholson’s former position of assistant clerk became assistant administrator. The Commission adopted a *1099 handbook of employee personnel policies which included the distinction between probationary employees and regular or permanent employees. ...
In 1980, Gant again opposed Sebring in the election for Chairman of the Commission. Prior to the election primaries, a political rally was held in Scottsboro, the largest city in the county. Incumbent Chairman Sebring directed Nicholson to read a prepared statement at the rally supporting Sebring’s bid for reelection. Nicholson expressed her desire not to read the statement. At this point, Chairman Sebring responded [by saying] he would have to ‘look into’ the jobs of both Nicholson and her son, who was employed by ... Jackson County’s Public Works Department. This fact was corroborated by Nicholson’s supervisor, Jocelyn LaMunyon, who was the office administrator of the Commission at the time the rally was held. LaMun-yon, whose office adjoined Nicholson’s, testified that she overheard Chairman Sebring insisting that Nicholson read the statement at the rally. LaMunyon also confirmed the threat Chairman Sebring made against Nicholson’s son’s job. Nicholson read the statement at the rally. The statement was favorable to Chairman Sebring and unfavorable to Gant, who was present at the time.
“Gant defeated the incumbent Sebring in the 1980 election. On January 16, 1981, immediately prior to his taking office as Chairman, Gant met with administrator LaMunyon to discuss each of the employees in the Commission office. LaMunyon provided Gant with job descriptions and personnel evaluation of all the Commission’s office employees. ...
On January 20, 1981, the first day of Gant’s new term as Chairman, Gant called Nicholson into' his office and verbally terminated her. ...”
816 F.2d at 592-93.
Nicholson sued the Jackson County Commission for damages, in the United States District Court for the Northern District of Alabama, alleging due-process deprivations, under the First and Fourteenth Amendments to the United States Constitution, and alleging that Chairman Gant did not have the authority to fire her. The district court granted Nicholson a directed verdict against Chairman Gant, individually, and against Commissioners Jeffery and Matthews. The district court granted a directed verdict in favor of the Commission with respect to Nicholson’s claim of a liberty-interest deprivation. The district court submitted only the question of damages to the jury, i.e., the amount of compensatory damages, if any, to be awarded against the Commission, and the amount of punitive damages, if any, to be awarded with respect to Gant. The jury awarded Nicholson compensatory damages of $100,000 against the Commission and punitive damages of $35,000 against Gant, individually. The district court ordered that Nicholson be reinstated as deputy chief clerk, at her former rate of pay and with her retirement benefits. See 816 F.2d at 596. The Commission appealed, and the judgment based on the jury verdict was affirmed by the United States Court of Appeals for the Eleventh Circuit. 816 F.2d at 600.
Joe Buttram, the plaintiff in this present action, took office as chairman of the Jackson County Commission on November 12, 1996.. Thereafter, he fired Tillie Nicholson. The Commission then asked the Personnel Board for an advisory opinion concerning this firing. Basing its response upon the holding in Nicholson v. Gant, supra, the Personnel Board advised the Commission that Nicholson’s termination was improper. The Commission then passed a resolution reinstating Nicholson. Buttram refused to follow the mandates of the resolution and filed this action in the Jackson Circuit Court for a declaratory judgment. ,
The defendants filed a motion to dismiss the action on the grounds that necessary parties had not been added, because not all county employees were named in the ac *1100 tion. While this motion is not included in the clerk’s record on appeal, the order denying the motion is included in the record. Subsequently, each side moved for a summary judgment. The plaintiff argues that the authority to hire the county clerk and other clerical staff of the Jackson County Commission is vested solely in the chairman and, likewise, that the chairman has the sole authority to discharge such persons and has the authority to discharge them at will. The plaintiff further argues that “there is no statutory authority for the delegation of the Plaintiffs hiring and discharge powers to the Jackson County Personnel Board.” In response, the defendants argue that the issue of the ability of the chairman of the Commission to hire and fire the assistant administrator was fully litigated in Nicholson v. Gant Thus, the defendants contend that this action fs precluded by the doctrine of res judicata or collateral estoppel. The defendants also argue that the Jackson County Commission did not exceed its authority in appointing a personnel board to advise the Commission.
After the parties submitted briefs and argued the case, the trial judge entered the following order:
“This action seeks a declaration of rights concerning two issues: whether the county commission has the authority to establish a personnel board and a personnel handbook without statutory authority, and, whether the plaintiff, as Chairman of the Jackson County Commission, has the sole authority to discharge a county employee employed by such Chairman.
“Both the plaintiff and the defendants have filed respective motions for summary judgment. Upon consideration of such, the opposing and supporting matters, the excellent briefs and arguments of counsel, the Court finds that there are no genuine issues of material fact.
“The Court has carefully considered the defendants’ reliance upon the doctrine of res judicata and the judgment entered in the Nicholson case. It is the opinion of this Court that the question of a County commission’s authority to establish a personnel board was not reached in the Nicholson decision. It appears the determination of that question would be decided by Alabama Law. The court in Nicholson appears to presume that the personnel handbook was a valid act by the Commission or that: ‘the handbook ... and the conduct of the parties establish the existence of rules or mutually explicit understandings.’
“On the other hand, the Nicholson court stated:
“‘Nicholson’s claim that the Commission denied her due process depends on whether she had a property right in continued employment as a Jackson County employee.’ ”
Nicholson 816 F.2d at 597.
“It would appear therefore that the question of termination of a county employee would require the determination of any property right in continued employment, regardless of the party having the right to terminate the employment.
“It is well settled that a County is an instrumentality of the State and is authorized to do only those things permitted or directed by the Legislature.
Lockridge v. Etowah County, 460 So.2d 1361 (Ala.Civ.App.1984); Limestone County v. City of Huntsville Hospital Board, 412 So.2d 792 (Ala.Civ.App.1982); Rhodes v. Marengo County, 205 Ala. 667, 88 So. 850 (1921).
“The Jackson County Commission took upon themselves to establish a personnel board and an employee’s handbook. The Court finds that neither of these actions was permitted or directed by the State Legislature.
“Upon consideration, it is Adjudged and Declared as follows:
“ ‘ONE: That the [defendant], County Commissioners exceeded their authority in establishing the Person *1101 nel Board and such establishment, and [the] Board, are hereby declared null and void.
“ 'TWO: That the [defendant], County Commissioners are declared to have the right to establish a Personnel Handbook setting out employee policies and procedures, without the establishment of a Board.
“ ‘THREE: That those employees which are authorized to be employed by the plaintiff may be discharged by the plaintiff, after the determination of any property or constitutional right and allowing due process.
“ ‘FOUR: That the defendants are taxed with the costs herein.
“DONE this the 11th day of March, 1998.
“/s/ William D. Jetton
“CIRCUIT JUDGE”
The defendants Hoyt Carroll, Ed Tubbs, Herbert Bradford, Jake Wallingsford, Hoyt Farquar, Ann Gant, Steven Kennamer, Ron Livengood, and Betty Sisco appeal.
We first consider whether this action was barred by the doctrine of res judicata or collateral estoppel, in light of the holding in Nicholson v. Gant, supra. The defendants argue that the plaintiff seeks a judgment regarding his authority, as chairman of the Jackson County Commission, to hire and fire the county administrator for no cause. They argue that this issue has already been litigated and a judgment entered on the merits by a court of competent jurisdiction, namely the United States District Court for the Northern District of Alabama, and that that judgment was affirmed by the .United States Court of Appeals for the Eleventh Circuit. Id.
We agree. Given the holding in Nicholson v. Gant, we conclude that the question whether the chairman of the Commission can fire the county administrator without cause has been litigated and that that question is barred from further litigation by the doctrine of res judicata. “Under both Alabama law and federal law, the doctrine of res judicata prohibits the relitigation of all [matters which were] ór could have been litigated in the prior action.” Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm’n, 401 So.2d 764, 768 (Ala.1981). (Citations omitted.) See Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041 (Ala.1981); Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala.1989); and Turner v. Green, 571 So.2d 1104, 1106 (Ala.1990). In this case, the chairman of the Commission has sought to relitigate an issue that has already been decided by a court of competent jurisdiction. He is bound by the holding in Nicholson v. Gant.
In his attempt to relitigate the issue, the plaintiff has attempted by his pleadings to make an issue of the Commission’s creation of a personnel board. The trial court held the creation of the Jackson County Personnel Board to be null and void, on the grounds that such a board had not been specifically authorized by the legislature. However, the trial judge held that the Jackson County commissioners have the right to establish a personnel handbook setting out employee policies and procedures.
The record indicates that the Jackson County Personnel Board was created in 1981 by the Commission, to hear employee grievances. The record indicates that the Commission, not the Personnel Board, adopted the personnel handbook and voted to hire the personnel who are defendants in this action. No evidence in the record indicates that the Personnel Board served in any way other than in an advisory capacity to the Commission. All actions on personnel matters were taken by the Commission in regular session. When the chairman fired Nicholson, the Commission passed a resolution reinstating her. The plaintiff refused to follow the mandates of the resolution and filed this action for a declaratory judgment.
*1102 Chapter 8 of Title 11, Alabama Code 1975, sets forth the powers of the county commission to deal with “Financial Affairs Generally.” Section 11-8-14 provides: “Nothing in this chapter shall be construed to limit the authority of the county commission to appoint any other officers or employees it may be authorized by law to appoint or employ.” Thus, the Commission can hire and fire and also regulate the terms and conditions of its employees’ employment. Erdreich v. Bailey, 333 So.2d 810 (Ala.1976). While many personnel boards are established by acts of the legislature, there appears to be no statutory prohibition against a county’s creating an advisory personnel board. Therefore, we conclude that the trial court erred in holding the creation of the personnel board to be null and void.
The trial judge further held that “those employees which are authorized to be employed by the plaintiff may be discharged by the plaintiff, after the determination of any property or constitutional right and allowing due process.” This portion of the trial judge’s order is vague and ambiguous, particularly in light of the fact that § 11-8-14 recognizes that the county commission has the power to appoint other officers or employees. A judgment must be clear and unambiguous in order to stand. Epperson v. Epperson, 437 So.2d 571, 572 (Ala.Civ.App.1983).
The judgment of the trial court is reversed and this case is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and COOK and SEE, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, LYONS, and BROWN, JJ., concur in the result.

. Hoyt Carroll, Ed Tubbs, Herbert Bradford, and Jake Wallingsford, individually and in their capacities as Jackson County commissioners.

. Hoyt Farquar, Ann Grant, Steven Kennamer, Ron Livengood, and Pete Rug, individually and in their capacities as members of the Jackson County Personnel Board.

.Evelyne Morris, Shirley Morris, and Betty Sisco.