LOCAL 660, INTERNATIONAL ASSO-
CIATION OF FIREFIGHTERS, an
unincorporated labor organization, et
al., Plaintiffs-Appellees *,

v.

CITY OF CHARLOTTE, a Municipal
Corporation, et al.,
Defendants-Appellants.

Nos. 74–2240, 74–2241, 75–1126.

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1975.

Decided June 17, 1975.

Certiorari Granted Oct. 14, 1975.
See 96 S.Ct. 186.

* Local 660 is a plaintiff-appellant.  See note 1, p. 84.

**84**

Jonathan Wallas, Charlotte, N. C. (J. LeVonne Chambers, Charlotte, N. C., on brief), for plaintiffs-appellees.

W. A. Watts, Charlotte, N. C. (Henry W. Underhill, Jr., and H. Michael Boyd, Charlotte, N. C., on brief), for defendants-appellants.

Before RUSSELL and FIELD, Circuit Judges, and THOMSEN, Senior District Judge.

THOMSEN, Senior District Judge.

Local 660, International Association of Firefighters, and five officers of Local 660, as such officers and individually, brought this action against the City of Charlotte, the Charlotte City Council and the members of the Council, as such and individually, to require defendants to withhold their union dues and the dues of other members of Local 660 who make a similar request. After a hearing on cross-motions for summary judgment, at which both sides presented affidavits, the district court dismissed the union as a plaintiff, but granted the motion of the individual plaintiffs.[1] The order provided: "So long as defendants continue, without clearly stated and fair standards, to withhold moneys from the paychecks of City employees for other purposes, organizations and entities not specifically required by law, defendants * * * are enjoined from refusing to withhold moneys from the paychecks of the individual plaintiffs to be paid to Local 660." Defendants have appealed from that order and from the denial of

their 60(b)(3) motion, which was based upon a factual error in one of the affidavits which the district court and we believe to be immaterial.[2]

The district judge made the following material findings: That defendants now, upon request, withhold moneys from the paychecks of City employees, to be paid to various charities, government subdivisions, private insurance companies and other beneficiaries; that no written standards or guidelines exist to determine when employees of the City may have moneys deducted from their paychecks; that defendants' practice has been to allow withholdings required by law, withholdings available to all City employees and withholdings available to all employees within a single employee unit, such as the Fire Department; that defendants have not denied any requests for withholdings from any persons or organizations in the Fire Department within the past ten years except plaintiff's requests; and that refusal of defendants to withhold $4.00 a month, as requested, made it impossible for plaintiffs and their association to obtain group insurance and difficult for them to provide other lawful benefits.

■ We recognize that defendants may exercise wide discretion in deciding what requests are to be honored. This discretion, however, may not be exercised arbitrarily or to promote an impermissible objective. Griffin v. School Board of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). The authorities cited by defendants are distinguishable, either because the request for withholding arose and was denied in the context of collective bargaining, or because a rational classification was established.

■ A state statute (N.C.G.S. § 95–98) prohibits contracts between governmental agencies or units (including cities) and labor unions as bargaining agents for public employees; but that

---

1. The union appealed from that part of the order which dismissed it as a plaintiff, but has shown no reason for reversal.

2. The error was in the name of an insurance company which refused to issue a group policy unless the withholdings were allowed.

statute does not justify denying the request for withholding made by plaintiffs in this case. The order appealed from will be affirmed.[3]

Defendants may hereafter adopt reasonable, objective standards for determining which requests for withholding will be granted and which denied. If, on the basis of a rational classification made under such standards, defendants determine that such withholding requests as are involved in this case should be denied, the defendants may move to reopen the case in the district court.

Affirmed.

3. Jurisdiction was invoked under 28 U.S.C. § 1331 and § 1343, and 42 U.S.C. § 1983 to redress rights secured by the First, Ninth and Fourteenth Amendments. None of the defendants has challenged the jurisdiction of the district court, but we note that a municipal corporation is not a "person" within the meaning of 42 U.S.C. § 1983. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). It is not necessary to decide whether jurisdiction over the City and the Charlotte City Council as such can be sustained under any of the other jurisdictional grounds invoked, because the members of the Council were sued individually, and the court had jurisdiction to grant the relief requested against them. Harper v. Kloster, 486 F.2d 1134 (4 Cir. 1973).