JONES, Justice.
This is an appeal by a majority (two of three) of the members of the Jefferson County Commission and certain labor union intervenors from an adverse decree granting the declaratory and injunctive relief sought by Melvin Bailey, as Sheriff of Jefferson County, Alabama.
A single issue is presented: Can Jefferson County through its governing body, the County Commission, at the request of the Sheriff’s deputies, deduct union dues from their salaries? Or, stated within the context in which this case arose: Given the proposition that the Sheriff’s deputies are legally members of a labor union and request the County Commission to checkoff union dues from their salaries and a majority of the Commission’s members agree to honor such request, can the County Commission effect the checkoff agreement over the objection of the Sheriff?
We answer the question, as alternatively posed, affirmatively. Therefore, the judgment below declaring that the County Commission is without legal authority to agree to deduct the county employees’ union dues from their pay checks and enjoining such deductions is reversed and the cause is rendered.
FACTS
The facts were stipulated as follows:
(1) The status and character of the parties as described in the pleadings are' admitted.
(2) Payment of salaries or wages of employees in the Sheriff’s Department of Jefferson County is made by the Comptroller of the County after certification by the Sheriff of entitlement and approval by the Personnel Board.
(3) The Comptroller arranges for voluntary deductions from such wages or salaries by arrangement with and by authority given by the County Commission. The Comptroller, as a matter of practice, deals with the President of the County Commission in arranging for such deductions. The Sheriff of Jefferson County does not participate in arranging for such deductions.
(4) The Sheriff encourages employees to participate in various deductions programs, such as United Way, but the actual arrangement for deduction from wages or salaries is made and authorized by the Comptroller and the County Commission. Employees of the Sheriff’s Department have executed and presented to the County Commission voluntary requests for checkoffs such as the United Way, Credit Union, U.S. Treasury Bonds and the request for the checkoff involved in this action. The County Commission has honored and complied with the requests for each checkoff mentioned in the next foregoing sentence except the checkoff involved in this action.
CONTENTIONS OF THE PARTIES
We have been favored by excellent briefs by the parties including the dissenting member of the County Commission, appeal *812 ing amicus curiae in support of the Sheriff. A capsule of these contentions, taken directly from their respective briefs may be helpful as a prelude to our discussion.
County Commission: “From the cited statutes [1] it results that the County and not the Sheriff is the Sheriff’s employees’ debtor as regards the said employees’ County wages . . . The partial assignment of a debt is enforceable if consented to by the debtor [and] . . . [a]n assignment of the part of an employee’s wages is valid if the one indebted for the wages consents to the partial assignment.”
Birmingham Labor Council, etc. (intervenors-defendants/appellants) : “Indisputably, the Commission is the paymaster of the county. In that role the Commission has preemptive authority to arrange for voluntary checkoffs from wages of county employees. The parties have so stipulated . . . [PJublic officials, under their general powers in their official capacities have the power and authority to enter into a memorandum relative to wages and working conditions of employees under their supervision. Nichols v. Bolding [291 Ala. 50, 277 So.2d 868 (1973)]. A fortiori, if a voluntary overall agreement is legally possible with respect to the entire spectrum of wages and working conditions, a voluntary arrangement between public officials and public employees upon the limited matter of voluntary deduction of union dues passes muster.”
Sheriff: “Subject to the provisions of the Jefferson County Civil Service System, §§ 645, et seq., Appendix, Code, Bailey, as Sheriff of Jefferson County, has ultimate supervisory power over the terms and conditions of employment of the employees of the Jefferson County Sheriff .... Employees of the Jefferson County Sheriff have no right to collective bargaining, and union dues check off is inextricably intertwined with the collective bargaining process .. . [C]heck off of union dues for public employees [is] against the public policy of Alabama . . . ”
Commissioner Tom Gloor, as Amicus Ctiriae (originally a defendant, but upon his motion, dismissed as an appellant) : “ . . . Check off by definition involves a commitment to a labor union and is inextricably part of the collective bargaining process . . . Alabama public policies of long standing prohibit public employers from entering into a check-off with a labor organization in the absence of express statutory authority . . . The existing Alabama policy against the check-off rests upon a sound predicate which, in the public interest, should not be disturbed in the absence of comprehensive legislative study and action.”
Alabama League of Municipalities, as Amicus Curiae: “[N]o statute . . . mandatorily requires any sheriff of this state, including Sheriff Bailey, to check off or deduct any sums of money from the salaries of their employees (except taxes) and, specifically, we reject the notion that by action of the County Commission such deductions could be made from the salaries of the sheriff’s employees.”
It is essential to a proper understanding of our holding that the issue here presented be carefully and precisely defined : May the County Commission reach an agreement with the deputies’ union that, so long as the parties are willing, individual county employees may have union dues deducted from their pay ? Perhaps the narrowness of the issue may be best brought into focus by defining what we are not asked to decide.
First, we are not asked to extend or restrict our holding in Nichols v. Bolding, 291 Ala. 50, 277 So.2d 868 (1973). There *813 we hold, under the firefighters statute, that public officials have the general authority to memorialize employee requests and to formulate voluntary understandings reached upon matters of wages and conditions of employment. In other words, whether the holding of Nichols necessarily rests upon a statutory grant is not before us because all of the parties proceed- (below and here) on the premise that the deputies are lawfully members of the labor union. Their right of union membership and the concomitant rights assured by Nichols are not disputed.
Second, we are not asked to decide whether the Commission could be ordered against its will to deduct union dues in light of its permissive deductions for United Way, Blue Cross, etc.[2] We repeat: All that is in issue is the existence of the power of the Commission to permit, at the Commission’s will, a checkoff from wages.
To deny the Commission’s authority to honor a request for checkoff from wages would be tantamount to nullifying and rendering futile the initial right of the employees to present requests to the public employer respecting wages and conditions of employment. If the employees have this right — which right is not here contested— and the public employer has the obligation to receive, and consider in good faith, such requests, it must necessarily follow that the employer has the legal authority to assent to such requests. The legal efficacy of the power of the Commission to decline the deputies’ request for a checkoff from wages can be meaningful only in the context of the comparable power of the Commission to assent.
REVERSED AND RENDERED.
HEFLIN, C. J., and BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
MERRILL, J., dissents.

. Section 3 of the Act No. 468 of the Regular Session of the Legislature of 1915, Local Acts of Alabama of the Regular Session of 1915, p. 374; Section 7 of Act No. 120 of the Regular Session of the Legislature of 1923, Ala.Acts, 1923, p. 94; Section 148, Title '62, Ala.Code of 1940.

. This is the issue decided favorably to the union by the Fourth Circuit Court of Appeals in Local 660, Int’l. Ass’n of Firefighters, et al. v. City of Charlotte et al., 518 F.2d 83 (1975), in which certiorari was granted, and which was recently argued before, but not yet decided, by, the United States Supreme Court.