42 So.2d 24

**MARSHALL COUNTY BOARD OF EDUCATION et al. v. STATE ex rel. WILLIAMS et al.**

**8 Div. 471.**

Supreme Court of Alabama.

Aug. 18, 1949.

548

A. A. Carmichael, Atty. Gen., L. E. Barton and Joe Starnes, Asst. Attys. Gen., and Claud D. Scruggs, of Guntersville, for appellants.

Marion F. Lusk, of Guntersville, for appellees.

LAWSON, Justice.

The main question for determination on this appeal is, what is the minimum age at which children may be admitted into the public elementary schools of Alabama?

Section 298, Title 52, Code of 1940, reads as follows: "A child who is six years of age on or before October first shall be entitled to admission to public elementary schools at the opening of such schools for that school year or as soon as practicable thereafter; a child who is under six years of age on October first shall not be entitled to admission to such schools during that school year, except that a child who becomes six years of age on or before February first may, on approval of the board of education in authority, be admitted at the beginning of the second semester of that school year to schools in school systems having semiannual promotions of pupils."

At the 1947 regular session of the legislature both houses of that body passed House Bill 318, the title of which is "An Act to amend Section 298 of Title 52 of the 1940 Code, which relates to the minimum age at which children may enter public school." The governor did not approve, but he failed to return the act to the legislature within the time allowed by § 125 of the Constitution and, therefore, the act, if otherwise constitutional, became the law of this State.

The said 1947 act, Act No. 234, H. 318, Acts 1947, p. 103; § 298, Title 52, 1947 Cum.Pocket Part, Vol. 8, Code 1940, reads as follows: "Section 298 of Title 52 of the 1940 Code is amended to read: 'A child who is six years of age on or before January 15th shall be entitled to admission to the public elementary schools at the opening of such schools for that school year or within the first two weeks of school; a child who is under six years of age on January 15th shall not be entitled to admission to such schools during that school year, except that a child who becomes six years of age on or before June first may, on approval of the board of education in authority, be admitted at the beginning of the second semester of that school year to schools in school systems having semi-annual promotions of pupils.' "

The Attorney General of Alabama on August 18, 1947, in an opinion rendered to Dr. A. R. Meadows, State Superintendent of Education, held that the said 1947 amendatory act was unconstitutional on the ground that it is so ambiguous, vague, indefinite, incomplete and unintelligible as to be inoperative and void for uncertainty in meaning. Quarterly Report of Attorney General, Vol. 48, p. 99.

The Superintendent of Education of Marshall County, being advised by the State Superintendent of Education of the opinion of the Attorney General declaring the 1947 amendatory act to be unconstitutional, ordered the principals of the elementary schools under his jurisdiction and authority to be governed by the terms and provisions of § 298, Title 52, Code 1940, as to the minimum age requirements for admission of pupils.

On August 31, 1948, this suit was instituted by the filing of a petition for writ of mandamus in the name of the State of Alabama on the relation of Bryan Williams, T. S. Stribling, Crawford Purser, Selma Porch, and Mildred M. Bell. As amended, the petition made the Marshall County Board of Education, the individual members of that Board, and the Superintendent of Education of Marshall County parties defendant.

The amended petition alleges, in substance, that each of the relators are residents of the city of Guntersville and are parents of children who will become six years of age after October 1, 1948, and before January 15, 1949; that the Guntersville Elementary School is the only public school to which relators are entitled to send their children qualified to enter the public school system, and that such school is under the jurisdiction of the Marshall County Board of Education; that the Guntersville Elementary School opened for the scholastic year 1948-1949 on Monday, August 16, 1948, and that at that time relators presented their children at the school for enrollment, ready to prove the birth dates of the children; that the principal of the school declined to enroll them, and the matter was referred to the defendant Solly, the County Superintendent of Education, and the County Board of Education; that several conferences were held between the County Superintendent of Education and the relators, "in which it was clearly understood and agreed that the school principal was acting under instructions from defendants, and that the sole reason for the position taken by defendants was that Act No. 234 of 1947, General Acts, page 103, was void, and that Section 298 of Title 52 of the Code of 1940, controlled"; that relators are ready, able and willing to comply with every valid regulation applicable to said Guntersville Elementary School if duly informed of same.

The answer or return of the defendant to the alternative writ clearly showed that their refusal to admit the children of relators was based on the alleged invalidity of the 1947 act heretofore referred to.

After a hearing Judge Stone concluded that the said 1947 act was not invalid and

that, therefore, the children of relators were entitled to be admitted to the Guntersville Elementary School. Judge Stone ordered that the peremptory writ of mandamus issue to the defendants commanding them to admit the said children. The writ was issued.

The defendants appealed to this court, but the judgment of the trial court was not superseded and the children were admitted to the school as ordered.

The sole ground advanced below and here as to the invalidity of the said 1947 amendatory act is that it is so ambiguous, vague, indefinite, incomplete and unintelligible as to be inoperative for uncertainty in meaning. Such was the reason the Attorney General declared the said act to be invalid.

■ It is settled that a court is empowered to declare legislative enactments inoperative and void for uncertainty in meaning where they are so incomplete, so conflicting, or so vague and indefinite that the court is unable, by the application of the accepted rules of construction, to determine what the legislature intended. In re Opinion by the Justices, 249 Ala. 88, 30 So. 2d 14; Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812.

■ But in our opinion the 1947 act here under consideration does not contain the vices of legislative enactments condemned in the opinions just above cited.

We think that the chief fallacy in the argument of counsel for appellants and in the opinion of the Attorney General is that an incorrect meaning has been attributed to the term "school year" as it appears in the said amendatory act.

"School year" is not defined in the 1947 amendatory act or in § 298, Title 52, Code 1940, which it purports to amend. Nor is that specific term defined in any other section of Title 52, which title relates to schools. However, § 1 of Title 52, Code of 1940, reads as follows: "Scholastic day as used in this title shall not be less than six hours of actual teaching, exclusive of all recesses or intermission periods unless otherwise ordered by the county or city board of education. Scholastic week as used in this title shall consist of five school days each week. Scholastic month as used in this title shall constitute twenty school days. *Scholastic year as used in this title shall begin with the first day of July and end with the thirtieth day of June of each year.* Fiscal year as used in this title is from October first to September thirtieth, inclusive." (Emphasis supplied.)

It is clear to us that the term "school year" as used in the 1947 amendatory act, and, in fact, as used in § 298, Title 52, Code of 1940, means "scholastic year" as that term is defined in § 1, Title 52, Code 1940, and does not refer to the period of time during which schools are actually open for the instruction of pupils, as was held in the opinion of the Attorney General.

■ On July 1, 1948, a "school year" began and that school year ended on July 30, 1949. There could be only one January 15th during that school year, namely, January 15, 1949. Likewise, there could be only one June 1st during that school year, June 1, 1949. It is a matter of common knowledge that public elementary schools are not open for instruction during the entire twelve-months period. They usually open in August, September, or October, and generally instruct for a period of nine months thereafter. But the dates on which schools open and close do not determine a "school year." As before indicated, a "school year" and a "scholastic year" are the same. Such we think is the clear legislative intent.

We think it clear that the 1947 amendatory act provides that a child who will have reached the age of six years on or before January 15th of a given school year is entitled to be admitted to a public elementary school of this state at the time of the opening of school or within two weeks thereafter. In those school systems where semiannual promotions of pupils are held, a child is entitled to admission at the beginning of the second semester of that school year provided he will be six years of age on or before June 1st of that school year and provided the board of education in authority gives its approval.

The reasons assigned by the Attorney General for his conclusion that the 1947 amendatory act is invalid would also de-

stroy § 298, Title 52, Code 1940, but the opinion of the Attorney General, after holding the 1947 act to be invalid, concludes by saying "that Title 52, Section 298, Code of Alabama 1940, is the law governing the entrance age of children into our public school system."

In view of the foregoing, we hold that the trial court correctly decided that the 1947 act was not invalid as being inoperative for uncertainty in meaning.

 It is now the settled rule in Alabama that a mandamus proceeding to compel a public officer to perform a legal duty in which the public has an interest, as distinguished from an official duty affecting a private interest merely, is properly brought in the name of the State on the relation of one or more persons interested in the performance of such duty to the public; but if the matter concerns the sovereign rights of the State, it must be instituted on the relation of the Attorney General, the law officer of the State. Gray v. State ex rel. Garrison et al., 231 Ala. 229, 164 So. 293, and cases cited there.

The relief sought in this case was for the enforcement of a public duty by respondents and, therefore, this action was properly brought in the name of the State on the relation of the petitioners. Board of Education of Jefferson County et al. v. State ex rel. Kuchins et al., 222 Ala. 70, 131 So. 239.

Since the peremptory writ issued upon the order of the court below related to the 1948-1949 school term, and that term has now expired, we deem it unnecessary to consider certain procedural questions argued by counsel for appellants. However, in view of the importance to the public of the constitutional question and the question as to the right to institute this proceeding in the name of the State on the relation of the petitioners, we have felt constrained to express our views thereon.

We hold that no reason appears why the trial court's judgment ordering the peremptory writ of mandamus should be reversed. It is, therefore, affirmed.

Affirmed.

BROWN, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.