Marcellus B. McCULLOUGH,
Plaintiff-Appellant,

v.

L. B. LOHN, Individually and in his official capacity, etc., et al.,
Defendants-Appellees.

No. 73–1560

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1973.

Larry Watts, Houston, Tex., for plaintiff-appellant.

Joe H. Reynolds, Houston, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This complaint by a black teacher for non re-employment, unlike so many, makes no claim of racial motivation or reprisal for exercise of First Amendment or similar constitutional rights. The complaint rests on an assertion of denial of procedural due process. But even read through rosy *Conley* [1] glasses it makes no serious factual contention that as a probationary teacher [2] he had such expectancy of re-employment as to entitle him to these safeguards for re-employment under the *Roth-Sindermann* principle. [3]

Affirmed.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

2. "Any. person who is employed as a teacher by any school district for the first time, or who has not been employed by such district for three consecutive school years subsequent to August 28, 1967, shall be employed under a "probationary contract," which shall be for a fixed term as therein stated; provided, that no such contract shall be for a term exceeding three school years beginning on September 1 next ensuing from the making of such contract; . . . ."
V.T.C.A. Education Code § 13.102.
"The board of trustees of any school district may terminate the employment of any teacher holding a probationary contract at the end of the contract period, if in their judgment the best interests of the school district will be served thereby; . . . ."
V.T.C.A. Education Code § 13.103.

3. Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570.