Dick Robert MARKWELL,
Plaintiff-Appellant,

v.

Paul R. CULWELL, Individually and as Dean of San Antonio College, et al., etc., Defendants-Appellees.

No. 74–3615
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 18, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Maury Maverick, Jr., Katherine Markwell, San Antonio, Tex., for plaintiff-appellant.

George H. Spencer, San Antonio, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellant Dick Robert Markwell, a chemistry teacher, was employed at San Antonio College on a probationary status under one-year contracts from 1967 to 1974. His employment was terminated prior to receiving tenure. Thereafter, he brought suit in federal court alleging (i) he had a right to an administrative hearing before he was fired, (ii) that the defendants failed to comply with their own regulations by making no effort to effect a negotiated settlement, and (iii) that the college failed to renew the appellant's contract in retaliation for his exercise of First Amendment rights. After lengthy consideration of depositions, affidavits and various documents, the District Court granted the appellee's motion for summary judgment. Since we find no merit to any of these arguments, we affirm.

■ On the first two issues the findings of fact of the District Judge appear to be amply supported by the evidence. The appellant's "property" interest in his job was limited by the year-to-year contract and his probationary status. Board of Regents v. Roth, 1972, 408 U.S. 564, 72 S.Ct. 2701, 33 L.Ed.2d 548. He fails to establish that his repeated contract renewals and academic awards created a "de facto" expectation of reemployment that would override his limited, explicit contract so as to justify a due process hearing prior to being fired. Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. Similarly, there is substantial evidence to support the conclusion of the District Judge that the college followed its usual procedures in this contract termination, offering the appellant the opportunity for informal negotiations.

■ On the First Amendment issue, the appellant argues that he directly challenged a proposed policy change for the chemistry department that would have reduced the teachers' class time by 20% for general chemistry students. In addition, the appellant contends that he argued against the appointment of a particular professor as head of the chemistry department and objected to the dilution of teaching quality that resulted from the department policy requirement that 50% of his class receive a C or better. While the appellant, as noted by the District Judge, agreed during his deposition that he had no direct proof that the failure to renew his contract

was due to these statements, he argues on appeal that in view of his various teaching awards, there is a circumstantial link between his candor and his firing.

The District Judge concluded that these statements did not constitute protected speech[1] and even assuming their First Amendment context, there was no evidence of a causal link between the statements and the firing.

We do not find it necessary to reach the issue of whether such speech is within the ambit of the First Amendment because the Judge on an ample basis concluded that the appellant did not demonstrate a causal relationship between the statements and the firing.

Affirmed.

1. Clark v. Holmes, 7 Cir., 1972, 474 F.2d 928; Rowe v. Forrester, M.D.Ala., 1974, 368 F.Supp. 1355.