Tommy JOHNSON, Plaintiff,

v.

Pierce C. CAIN, Individually and as Director of Harry M. Ayers State Technical College, and the State Board of Education, Defendants.

Civ. A. No. 75–G–0830–E.

United States District Court,
N. D. Alabama, E. D.

March 31, 1977.

Edward Still, William M. Dawson, Jr., Birmingham, Ala., for plaintiff.

Walter J. Merrill, Merrill, Porch, Doster & Dillon, Anniston, Ala., for defendants.

### MEMORANDUM OPINION

GUIN, District Judge.

■ This is a civil action for injunctive relief and damages brought under the first and fourteenth amendments to the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and predicated upon alleged violations by the defendants Pierce C. Cain and the State Board of Education (hereinafter sometimes referred to collectively as "the defendants") of the first and fourteenth amendments to the United States Constitution. The plaintiff, a black citizen of the United States, who is over the age of 21 years, bases his claim for relief upon several contentions. Plaintiff claims, "that his employment was terminated without regard to racially nonobjective criteria, and that said termination is in violation of existing court orders mandating the desegregation of the faculties of the State Board of Education." Regarding this contention, there was no testimony whatever to support the allegation. In addition, the evidence shows that the plaintiff was replaced by another black. As a final answer, the Fifth Circuit Court of Appeals has expressly held that the criteria prescribed by *Singleton, et al. v. Jackson Municipal Separate School District*, 419 F.2d 1211 (5th Cir. 1969), cert. denied, 396

U.S. 1032, 90 S.Ct. 611, 24 L.Ed.2d 530 (1970), do not apply to fact situations such as the case at bar. *Pickens v. Okolona Municipal Separate School District*, 527 F.2d 358 (5th Cir. 1976).

■ The plaintiff also contends, "that his termination occurred prior to the end of his yearly contract and the failure to afford him procedural protections violated his right to due process and equal protection." The testimony in this case shows that the original employment of the plaintiff by the defendants was effective September 1, 1971, and was for the remainder of the school year ending June 30, 1972. School years in Alabama run from July 1 to June 30. Section 1, tit. 52, Code of Alabama (1940 as recomp. 1958); *Marshall County Board of Education v. State*, 252 Ala. 547, 42 So.2d 24 (1949). It is expressly stated in the pretrial order that on May 31, 1974, the plaintiff was a nontenured teacher, and that on that date he received a letter from the defendants stating that his contract of employment would not be renewed for the school year commencing July 1, 1974. Therefore the plaintiff was not entitled to be given any reason for the nonrenewal of his contract, and was not entitled to a hearing on the action taken. *Board of Regents of State Colleges, et al. v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Bradford v. Tarrant County Junior College District*, 492 F.2d 133 (5th Cir. 1974).

The remaining contention of the plaintiff, as expressed in the pretrial order, is "that the termination of his employment was in violation of his right to freedom of speech as guaranteed by the first amendment, asserting that he had served on grievance committees where his position opposed that of defendant and that his termination was based on the fact that defendant did not want any teacher to obtain tenure who expressed different opinions than his own." This latter contention is the only one raised by plaintiff in his post-trial brief.

The defendants' response to this contention was two-fold: (1) that the nonrenewal of the plaintiff's teaching contract was not based on the plaintiff's vote on the griev-

ance committee hearings, and (2) that such votes would not be free speech protected by the first amendment.

The court agrees with the plaintiff's contention that a teacher does not shed his Constitutional rights under the first and fourteenth amendments by assuming a position of employment with Ayers State Technical College. The court also agrees that the plaintiff must be reinstated if the primary and overriding consideration in the decision not to renew Mr. Johnson's contract arises from constitutionally protected conduct. However, the burden of proof rests with the plaintiff to show that his dismissal was due to statements or other conduct protected by first or fourteenth amendment freedoms.

The testimony is undisputed that shortly after the plaintiff was employed at Ayers State Technical College complaints were made by members of the faculty and by students to Dean Austin that the students were being taught "over their heads" by the plaintiff. Dean Austin testified that he talked with the plaintiff some eight to twelve times about these complaints before he made his recommendation in writing to Mr. Cain on March 18, 1974, that the plaintiff's employment contract not be renewed. Dean Austin further testified that he had reached this conclusion a year earlier, but had not put his recommendation in writing at the request of Mr. Cain.

The March 18, 1974, memorandum, referred to above, was executed prior to either of the faculty grievance committee hearings mentioned in the testimony. It was impossible, of course, for Mr. Cain to know at that point in time how the plaintiff would vote as a member of the committee. However, by his own testimony, in view of his knowledge of a wide variety of claims being made by teachers whose contracts were not renewed, Mr. Cain took action in an attempt to avoid the very claim that is now being made—that Mr. Johnson's contract was not renewed because of the way he voted. To uphold the claim of the plaintiff in this case would encourage a teacher during his early months of employment to make the public statement that the president of Ayers State Technical College was a poor administrator who did not know his business, and who would terminate anyone who did not agree with him on every matter. That person would then be in the position to claim that the failure to renew his contract arose from his statements about the president. This court is committed to a more reasonable approach.

Without attempting an exhaustive analysis of all the pertinent cases, the court will refer to just a few of them. In *Grimm v. Cates*, 532 F.2d 1034 (5th Cir. 1976), the plaintiff, a nontenured teacher, claimed that his employment contract was terminated in violation of his Constitutional rights under the first amendment. The court noted that the president and the dean of the university had expressly denied that the activities of the teacher which served as the basis of his claim were considered in their recommendation to terminate his employment. The district court concluded that the testimony offered at trial did not prove by a preponderance of the evidence that the teacher was dismissed for reasons related to the exercise of first amendment rights. This decision was affirmed by the Fifth Circuit Court of Appeals. In the present case, President Cain and Dean Austin have testified to the same effect, i. e., that the activities of Mr. Johnson which serve as the basis of his claim were not considered in their recommendation to terminate and their subsequent termination of his employment.

In yet another case in which a teacher claimed that her contract was not renewed because of her exercise of right to free expression, the plaintiff teacher used several awkward, but entirely proper, questions to solicit from the college president certain information concerning nonrenewal of several teachers' contracts. *Bradford v. Tarrant County Junior College District, supra.* The court held that it was necessary for the plaintiff to prove that the nonrenewal was the result of her exercise of these Constitutional rights before she was entitled to rein-

statement, and that she was deficient in meeting this burden.

Another Fifth Circuit Court of Appeals case dealing with a claimed freedom of speech challenge by a nontenured teacher to the decision not to renew his contract is *Markwell v. Culwell*, 515 F.2d 1258 (5th Cir. 1975). The court in that case cited with apparent approval two cases that had dealt with the subject of what constitutes protected free speech as applied to a nontenured teacher situation such as the case at bar. These cases are *Clark v. Holmes*, 474 F.2d 928 (7th Cir. 1972), and *Rowe v. Forrester*, 368 F.Supp. 1355 (M.D.Ala.1974).

The plaintiff makes much of the fact that there was some mention of his untenured status when the defendant gave him the letter indicating that his contract would not be renewed. The simple and logical explanation for this action seems to the court to be that nontenured status means that no reason need be given. The defendant, Mr. Cain, testified, and the court so finds, that as a nontenured teacher Mr. Johnson did not have a right to demand and receive as a result of that demand the specific reasons leading to his termination. In fact, the court is aware that giving a reason in such situations can be an invitation to litigation which can frequently be avoided by not stating a reason; and, this court will not impose such an onerous requirement on any school system. In fact, it has been the personal experience of this court, both in private practice and while sitting on the bench, that it is an exceptional case in which a school board gives a reason for failure to rehire when informing a nontenured teacher that his contract will not be renewed.

The court in *Grimm v. Cates, supra*, specifically stated as follows:

". . . if [one] has tenure or an unexpired appointment extending beyond the period of the proposed dismissal, the burden of proof is upon the administration to show adequate cause why he should be dismissed. If [one] does not have tenure, but contends that the non-renewal of his contract constitutes a violation of his academic freedom, the burden of proof is upon the faculty member."

Cognizant of the fact that in the present case Mr. Johnson did not have tenure, the burden of proof was upon him to prove that his dismissal resulted from statements or actions which were made pursuant to Constitutionally protected rights. Quite simply, the plaintiff has failed to meet his burden of proof.

Admittedly, a borderline or marginal candidate should not have the employment question resolved against him because of Constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The mere fact that a school board's refusal to renew a nontenured teacher's contract was based in part (even in substantial part) on the teacher's engagement in conduct protected by the first and fourteenth amendments does not necessarily establish a Constitutional violation if the board is able to demonstrate that it would have reached the same decision based upon the teacher's performance record as a whole. *Mt. Healthy City School District Board of Education v. Doyle, supra*. This is especially true where the district court's decision to rehire will accord the plaintiff tenure. With regard to this issue, the court finds specifically as follows:

(1) that the failure to renew Mr. Johnson's contract was not based upon the exercise of Constitutionally protected activity;

(2) that the defendants have shown by a preponderance of the evidence that they would have reached the same decision regarding termination, even in the absence of the protected conduct.

Either of these findings is a sufficient alternative reason for this court's denial of relief to the plaintiff.

Therefore, the plaintiff has not met his burden of proof. Consequently, the plaintiff's prayer for reinstatement as a member of the faculty of Harry M. Ayers State Technical College and for back wages, court costs and a reasonable attorney's fee is hereby denied.