# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00154-CV

**Loyda Ramirez, Appellant**

v.

**Red Oak Independent School District and James Nelson, Commissioner
of Education, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS, 126TH JUDICIAL DISTRICT
### NO. 99-11834, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING

This case is a judicial review of Commissioner of Education James Nelson's decision to sustain the Red Oak Independent School District's non-renewal of Loyda Ramirez's probationary contract. The Commissioner concluded that the school board was within its discretion in not renewing the contract. Ramirez asserts that Red Oak violated Section 21.103 (a) of the Texas Education Code by failing to expressly articulate in its written decision that it was in the district's "best interests" not to renew her contract. The plain language of Section 21.103 does not mandate that such a decision be expressed in any particular language. Because the statute gives school boards broad discretion in deciding whether to renew a probationary contract by making the decision non-appealable, we affirm the decision of the Commissioner.

### FACTUAL AND PROCEDURAL BACKGROUND

It is undisputed that Red Oak employed Ramirez as a teacher under a probationary contract for the 1997-1998 school year. Ramirez was notified in writing on March 16, 1998, of Red

Oak's superintendent's recommendation to terminate her contract at the conclusion of her probationary period. The Board of Trustees of Red Oak voted unanimously to terminate Ramirez's probationary contract and notified her of its decision in a letter dated March 24, 1998.[1] Ramirez then attempted to appeal her termination administratively. The administrative law judge recommended that the Commissioner deny the appeal because a school district's decision to terminate a probationary contract at the end of its term is not appealable. The Commissioner adopted the administrative law judge's findings and conclusions and denied Ramirez's appeal. She proceeded to district court with a petition seeking judicial review of that administrative decision. The district court affirmed the decision of the Commissioner and Ramirez now seeks judicial review in this court.

## STATUTORY INTERPRETATION

This review is predicated on Section 21.307(e) and (f) of the Texas Education Code, which provides for review of the administrative record to determine whether there is: (1) substantial evidence to support the administrative decision on an issue of fact, or (2) whether there was an error in a conclusion of law. Ramirez's only contention is that the school board failed to expressly state that its decision not to renew her probationary contract was based upon the school district's "best interests."[2]

---

[1] These dates are well before the statutory deadline of forty-five days prior to the end of the school year imposed by statute. Tex. Educ. Code Ann. § 21.103(a) (West 1996). Ramirez does not contend that Red Oak's notice to her was untimely. Untimeliness of the notice is the only ground on which section 21.103(b) limits a board of trustees' discretion not to renew a probationary contract.

[2] She cites no authority for her position that such formulaic language is mandated by section 21.103(a) of the Texas Education Code.

Ramirez urges us to conduct an evidentiary review under the substantial evidence standard. She asserts that there was a fact issue as to whether the school board considered the "best interests" of the district when it made its decision. We disagree that we must engage in an evidentiary review of the administrative record. The issue raised in this review proceeding is a question of law. Therefore, the standard governing our review of the Commissioner's decision is *de novo. Tex. Dept. of Transp. v. Jones Dirt & Paving Contractors,* 24 S.W.3d 893, 898 and n.4 (Tex. App.—Austin 2000, pet. filed); *Cantu v. Central Educ. Agency,* 884 S.W.2d 565, 566 n.2 (Tex. App.—Austin 1994, no writ).

The conclusion of law in dispute is Conclusion of Law No. 7, wherein the Commissioner concluded, "[b]ecause [Ramirez] had a probationary contract, the Commissioner may not inquire into the Board's decision that its best interests were served by terminating the employment relationship at the end of the contract period." We agree that the Commissioner is not authorized to scrutinize the school board's decision that terminating a teacher's probationary contract is in the district's best interests. We also hold that the board of trustees need not use any magic words that its decision was based on the best interests of the district.

The Texas Education Code assigns to local school boards the responsibility for employing and discharging the teachers in the school district in accordance with the provisions of Chapter 21 of that code and each school district's own policies and procedures. Chapter 21 establishes that a teacher may be employed by a school district under three possible types of employment contracts: "probationary," "continuing" or "term." A school district initially employs a teacher under a "probationary contract." The Code gives school boards broad discretion in

3

terminating a probationary contract and makes a school board's decision unappealable if certain procedural safeguards are followed.

Section 21.103(a) of the Texas Education Code provides:

(a) <u>The board of trustees of a school district may terminate the employment of a teacher employed under a probationary contract at the end of the contract period if in the board's best judgment the best interests of the district will be served by terminating the employment.</u> The board of trustees must give notice of its intention to terminate the employment to the teacher not later than the 45th day before the last day of instruction required under the contract. <u>The board's decision is final and may not be appealed.</u>

Tex. Educ. Code Ann., § 21. 103(a) (emphasis added).[3]

Here, the school board decided not to renew the contract at the end of its term. Therefore, the provisions of Chapter 21 allowing for administrative review of the school board's decision are not applicable. Subchapter F of Chapter 21 governs "Hearings Before Hearing Examiners." Section 21.251 states:

(a) This subchapter applies if a teacher requests a hearing after receiving notice of the proposed decision to:

(1) terminate the teacher's continuing contract at any time;

(2) terminate the teacher's probationary or term contract before the end of the contract period; or

(3) suspend the teacher without pay.

(b) **This subchapter does not apply to**:

---

[3] Because probationary contracts hold little expectation for future employment, teachers have no constitutionally protected property interest in a probationary position. *See McCullough v. Lohn,* 483 F.2d 34, 34 (5th Cir. 1973); *Ibarra v. Houston Indep. Sch. Dist.,* 84 F.Supp.2d 825, 831 (S.D. Tex. 1999).

(1) **a decision to terminate a teacher's employment at the end of a probationary contract**. . . .

Tex. Educ. Code Ann., § 21.251 (West 1996) (emphasis added).  This is not a case in which the teacher was terminated during the term of her probationary contract.

Clearly, the legislative intent behind section 21.103 is to accord school district wide discretion to terminate these contracts.[4]  At the end of a probationary contract, a school board may terminate the employment of a teacher "if in the board's judgment the best interests of the district will be served by terminating the employment." Tex. Educ. Code Ann., § 21.103(a).  Ramirez has seized upon the "best interests" language and urges us to engraft onto the statute a requirement that the board must recite certain language in its decision and minutes when terminating a probationary contract.

We reject Ramirez's argument for several reasons.  Foremost among them, is that her interpretation would undermine a primary policy and purpose of section 21.103(a).  Ramirez's interpretation would render meaningless the Legislature's express directive that a school board's decision to terminate a probationary contract is final and not subject to appeal.[5]

---

[4] It is the duty of courts when interpreting statutes to ascertain the legislative intent underlying the enactment.  *Wilburn v. State*, 824 S.W.2d 755, 760 (Tex. App.—Austin 1992, no writ).  A court should determine the Legislature's underlying purpose of the act by viewing the entire act as a whole and then construe the questioned portion so as to give effect to the legislation's underlying purpose. *Id*.; *Comm'rs Court of Caldwell County v. Criminal Dist. Attorney,* 690 S.W.2d 932, 936 (Tex. App.—Austin 1992, writ ref'd n.r.e).

[5] Courts should reject a statutory interpretation that defeats the purpose of the legislation so long as the alternate interpretation is reasonable. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

5

Ramirez also ignores that section 21.103(a) entrusts solely to the school board's judgment the decision as to the best interests of the district. The plain language of section 21.103(a) makes the school board the only arbiter of the best interests of the district.[6] Likewise, section 21.251(b) explicitly exempts from appeal the decision to terminate a teacher's employment at the end of a probationary contract.

It is the duty of each elected member of a school board to act in the district's best interests. We agree with the Commissioner that implicit in every affirmative decision by a school board is that the school board acts in the best interests of the school district without its explicit recital to that effect. Ramirez's complaint is overruled and the judgment of the trial court affirming the order of the Commissioner is affirmed.

 

 

 

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   October 4, 2001

Do Not Publish

---

[6] Legislative intent should be ascertained from the language used and the Legislature's underlying purpose for the enactment. *Wilburn v. State*, 824 S.W.2d at 760.