# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2011

No. 11-20129
Summary Calendar

Lyle W. Cayce
Clerk

ALETHA B. RAY,

Plaintiff - Appellant

v.

GLORIA NASH, in her Professional Capacity, Houston Independent School
District; HOUSTON INDEPENDENT SCHOOL DISTRICT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-312

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant, Althea Ray, challenges Defendants–Appellees'
decision not to renew her one-year, probationary contract as violating her
Fourteenth Amendment right to procedural due process. The district court
granted Defendants–Appellees' motion for summary judgment on this claim.
We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20129

## I.  FACTUAL & PROCEDURAL BACKGROUND

Althea Ray was employed by Houston Independent School District ("HISD") on a one-year, probationary contract for the 2008–2009 school year, and she was assigned to teach at Isaacs Elementary School.  On March 24, 2009, Ray received a letter signed by HISD's Superintendent of Schools, stating that HISD's Board of Education had decided not to renew her probationary contract for the following school year.  This termination did not affect Ray's continued employment for the 2008–2009 school year.  After she received the notice, Ray requested several hearings to address the cause of HISD's non-renewal of her contract.  HISD did not grant Ray's requests on the basis that its decision was final and could not be appealed.

Ray then commenced grievance proceedings against HISD regarding the non-renewal of her probationary contract, alleging that HISD chose not to renew her contract because she had filed a complaint regarding uncompensated tutoring work she had performed.  Ray terminated her grievance proceeding on October 2, 2009, and commenced a state-court lawsuit against HISD and Gloria Nash, the principal at Isaacs Elementary.  Defendants removed Ray's lawsuit to federal district court.  In her lawsuit, Ray alleged, *inter alia*, that HISD denied her procedural due process by denying her any "redress before a tribunal to disprove any assertions" against her before it decided to terminate her contract.

After obtaining summary judgment on Ray's other claims, HISD moved for summary judgment on Ray's due process claim, arguing that Ray was not entitled to any due process regarding its decision not to renew her probationary contract because she did not have a protected property interest in employment beyond the one-year term provided in her contract.  The district court agreed, and dismissed this claim.  Ray appealed.

No. 11-20129

## II.  STANDARD OF REVIEW

This court "review[s] the grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 786 (5th Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## III.  DISCUSSION

On appeal, Ray claims that HISD's decision not to renew her probationary contract violated her right to procedural due process under the Fourteenth Amendment because HISD did not provide her with notice or a hearing prior to making its decision, denied her requests for a hearing after its decision, and did not provide her with the reasons for its decision.  The validity of this claim hinges on whether Ray had a constitutionally protected property interest in the renewal of her one-year contract with HISD.  *See Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1528 (5th Cir. 1993) (the procedural due process clause of the Fourteenth Amendment is "implicated only if a person has a constitutionally recognized interest in life, liberty, or property").

Whether Ray possessed such a property interest is "determined by reference to state law," *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir. 1984), and must "stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936–37 (5th Cir. 1995).  According to Ray, she had an "expectation of continuous employment or a property interest in continuous employment with HISD because she was successful as a teacher," pointing to the fact that she did not violate any school policies and had students who performed well on standardized tests.  We conclude that this did not confer a property interest in employment beyond the 2008–2009 school year.

3

No. 11-20129

First, the terms of Ray's probationary contract itself did not create a protected property interest in continued employment. Ray was employed under a "One-Year Employee Probationary Contract," which stated that HISD agreed to provide Ray with employment for the 2008–2009 school year only. Under the contract, subsequent employment could be "terminated" at the end of this contract period if HISD, in its judgment, concluded that "the best interest of the District [would] be served by terminating the employment" and Ray received notice of HISD's decision.[1] Crucially, Ray's contract stated that it did not create a right of tenure and did not "create any contractual or other expectancy of continued employment or claim of entitlement to employment beyond the term of the Contract." Accordingly, any expectation of employment Ray had beyond the initial term of her contract did not arise from the terms of the contract itself. *See Markwell v. Culwell*, 515 F.2d 1258, 1259 (5th Cir. 1975) (per curiam) (holding that teacher's property interest in his employment was "limited by the year-to-year contract and his probationary status"); *see also Hix v. Tuloso-Midway Indep. Sch. Dist.*, 489 S.W.2d 706, 711 (Tex. Ct. App.–Corpus Christi 1972, writ ref'd n.r.e.) (holding that teacher did not have a property interest in employment beyond contract term where he had "neither a legitimate claim nor legal expectation of re-employment"). At best, therefore, Ray's expectation that she would be retained by HISD beyond the term of her contract because she was "successful as a teacher" was a unilateral expectation in continued employment that was not reflected in the agreement between her and HISD. A unilateral expectation of continued employment, however, does not create a constitutionally

---

[1] As noted above, Ray received notice of HISD's decision from the superintendent of schools on March 24, 2009, which was more than 45 days prior to the effective date of separation on May 30, 2009. *See* TEX. EDUC. CODE § 21.103(a) (requiring school board to give notice "not later than the 45th day before the last day of instruction required under the contract"). Effective September 28, 2011, the notice provision in § 21.103 requires ten, rather than 45, days notice. Act of July 19, 2011, 82nd Leg., 1st C.S., ch. 8, § 3, sec. 21.103, 2011 Tex. Sess. Law Serv. — (West)).

protected property interest. *Evans v. City of Dallas*, 861 F.2d 846, 850 (5th Cir. 1988); *see also Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have . . . more than a unilateral expectation of it.").

Moreover, the statutes governing Ray's probationary contract do not furnish Ray with a constitutionally protected property interest in employment beyond the one-year term of her probationary contract. By statute, probationary contracts "may not be for a term exceeding one school year" and "may be renewed for two additional one-year periods." TEX. EDUC. CODE. § 21.102(b). A school board may decide not to renew a probationary teacher's contract at the "end of the contract period if in the board's judgment the best interests of the district will be served by terminating the employment." *Id.* § 21.103(a). This provision, however, does not create a property interest in continued employment because "[a] teacher does not have a property interest in a contract beyond its term." *Id.* at § 21.204(e); *see also McCullough v. Lohn*, 483 F.2d 34, 34 (5th Cir. 1973) (per curiam) (stating that a similar due process claim "makes no serious factual contention that as a probationary teacher [plaintiff] had such expectancy of re-employment as to entitle him to [procedural due process] safeguards"); *Tijerina v. Alanis*, 80 S.W.3d 292, 296 (Tex. App.–Austin 2002, pet. denied) ("A school board may terminate the employment of teachers on a probationary contract at the end of the contract term without a hearing or appeal simply by giving timely notice of its intention to terminate."); *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29–30 (Tex. App.–Austin 1999, no pet.) (stating that, based on § 21.204(e), teacher had no protected property interest in teaching contract beyond term of contract). Accordingly, HISD's decision not to renew Ray's contract at the end of its term did not implicate a constitutionally protected property interest in continued employment beyond the 2008–2009 school year.

No. 11-20129

The district court properly granted HISD's motion for summary judgment on Ray's procedural due process claim.

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.